## D. H. THOMAS AND WIFE v. S. B. CALHOUN ET AL.

1. NUISANCE. *Damage to land by mill-dam. Rights of parties. Jurisdiction.*
Equity will not enjoin the continuance of a mill-dam as a private nuisance, in damaging by flowage the land of the party complaining, where it appears that the injury is not irreparable, nor incapable of being removed by the building of levees to confine the water, but is trifling, and can be fully compensated by an action at law, and that the business for which the dam was

erected is lawful, and carried on wholly on the land of the party complained of.

2. SAME. *Injury to health by mill-dam. When equity will or will not interfere.* When a complainant in equity seeks to enjoin the continuance of a mill-dam on the ground that his dwelling-house has been rendered unhealthy thereby, the evidence must clearly establish the injury complained of, in order that the court may justly interfere to restrain the defendant from the lawful use of his property in carrying on a legitimate business. The court in such case should be prompt to interfere where it is plainly shown that the injury is real, and not purely imaginary; but where the evidence leaves the matter doubtful, the court should decline to interpose.

APPEAL from the Chancery Court of Noxubee County.

Hon. F. A. CRITZ, Chancellor.

The case is stated in the opinion of the court.

*R. G. & H. W. Rives,* for the appellants.

1. At least two or three acres of valuable tillable land of appellants is overflowed and rendered worthless by the mill-dam under consideration. They are thus deprived of this much of their property; and if the court allows the dam to remain, and refers appellants to their action at law for the value of the land, it is permitting the appellees to take the property of appellants at an estimated value, against their consent, and not in circumstances prescribed by the statute for condemning lands for the use of mills.

2. There is no escape from the conclusion, on the evidence, that the mill-dam has and does materially and injuriously affect the health of appellant's family in their place of abode. The evil is not one affecting the public at large, but only appellants and appellees. All the land within the range of the miasma generated by the mill-pond is owned either by appellants or appellees. But the appellants are specially injured. Their home is ruined by this pestilence, placed and kept almost at their door, and they invoke the power of the Chancery Court for relief. See the following authorities: 2 Story's Eq. Jur., sects. 924–927, and note 2; *Bonaparte* v. *Camden & Amboy R. Co.*, 1 Baldw. 231; Hill. on Inj., chap. 9, sects. 1, 14, 15, and chap. 27, sect. 18.

But if the mill-dam be regarded as a public nuisance, still the proof shows a special injury to appellants, and justifies the relief sought. *Whitfield* v. *Rogers*, 26 Miss. 84. Nothing but the permanent destruction of the dam can give the appellants complete relief. No science or skill can continue the dam and prevent the evils complained of. Courts of common law can afford no remedy.

*Jarnagin, Bogle & Jarnagin*, for the appellees.

1. The decree of the chancellor was in accordance with the evidence. The damage shown to appellants' land was not irreparable in its nature, and was susceptible of accurate estimation by a jury. The evidence does not clearly establish the allegation that appellant's residence has been rendered unhealthy by the mill-dam of appellees. Courts of equity will not interfere where the damage is susceptible of accurate estimation by a jury, or where it is not irreparable in its nature ; and where the evidence leaves it doubtful whether any damage has been sustained by reason of the use the party complained of has put his property to, courts of equity invariably refuse to interfere.

2. If the evidence shows the mill-dam to be a nuisance, it is a public nuisance, and must be abated by the public. A private action will not lie to abate a public nuisance. Appellants may suffer more than their neighbors, owing to their proximity to the nuisance ; but the difference is in degree only. They must suffer a peculiar damage, different in kind, and not in degree only, from that suffered by the public, to entitle them to maintain this suit. See the following authorities : 7 Port. 238 ; 10 Ala. 63 ; 36 Ala. 546 ; 54 Miss. 540 ; 3 Dan. Ch. Pr. 1858 ; Mitford's Eq. 237 ; Bispham's Eq., sect. 439 ; Ohio Dig. 514 ; 40 Mich. 491 ; 3 Bouv. Inst. 503.

GEORGE, J., delivered the opinion of the court.

The appellants filed their bill in the Chancery Court to enjoin the continuance of a mill-dam, which they alleged was a private nuisance as to them. The equity of the bill is that

the defendants' mill-dam has caused a part of the complainants' land to be injured by the flowage of back-water on it, and also by increasing the height of overflows occasioned by freshets, and that it has rendered the complainants' residence unhealthy. The answer denies fully the allegations of the bill on these points. Several witnesses, including the neighbors and three doctors of medicine, were examined. The chancellor on final hearing dismissed the bill, and the complainants have appealed.

We cannot say that the decree of the chancellor is erroneous, but we think it is fully sustained by the evidence. The injury done to the land of the complainants is of a trifling nature, and can be fully compensated by an action at law for damages. The injury is not shown to be irreparable, nor incapable of being removed by the building of levees designed to confine the creek within its bed. In such a case, when the business complained of is lawful, and carried on wholly on the land of the defendant, equity will not assume to exercise the delicate duty of preventing by injunction the exercise of the right of ownership by the proprietor. *Biglow* v. *Hartford Bridge Co.*, 14 Conn. 578 ; *McCorker* v. *Iker*, 12 Ohio, 387 ; *Green* v. *Lake*, 54 Miss. 540.

The proof leaves it in great doubt whether the dwelling of the complainants has been rendered more unhealthy by the erection of the mill-dam. This is an application to the court to enjoin the defendants from a lawful use of their property — a use for which it is adapted by nature, and which is valuable to them. It is true that no one has a right to use his own so as to cause a legal injury to another ; and courts of equity will in proper cases enforce by injunction the rights of third parties thus injured. But whoever asserts that the owner should be restrained in this use, where the business carried on is lawful, must make it clear that his rights have been invaded. The court will not interfere in a doubtful case. When injury to the healthiness of complainant's dwelling is the ground on which relief is asked, the court will be prompt

to interfere ; but to justify the interference the complainant must show to its satisfaction that the injury inflicted or threatened is real, and not purely imaginary.

Decree affirmed.