COPIAH COUNTY *v.* ANDREW J. LUSK.

ROADS.   *Code* 1892, §§ 3892, 3894.   *Suits for damages.*

> One whose lands have been taken by the board of supervisors for a public road, without the notice to him required by code 1892, § 3892, may sue the county for damages, and is not limited to the remedy prescribed by code 1892, § 3894.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Lusk, the appellee, was the plaintiff in the court below; he sued Copiah county, appellant, demanding damages caused by the construction and maintenance of a public road over and across his land.   The code sections involved (code 1892, §§ 3892 and 3894), are as follows:

"3892 (823). *How road laid out or changed.*—When any person shall desire to have a public road laid out, altered, or changed, a petition shall be presented to the board of supervisors of the county, signed by ten or more freeholders or householders of the county interested in the road, setting forth the commencement and termination, and general course thereof, and that the public interest or convenience requires the road to be laid out and opened, or altered or changed, as shown in the petition, and the petitioners, if not owners of the land through which the road runs, or is proposed to be run, shall give five days' notice to the owners of the land, in person, or by leaving the same at their residence, if they reside in the county, or, if the owners

be nonresidents of the county, by putting up the notice in some conspicuous place on the land through which the road runs, or is proposed to be run, and thereupon, the board of supervisors shall hear the parties, and if it determine that the prayer of the petitioners ought to be granted, in whole or in part, it shall appoint a committee of two members, of districts other than that of the road, or proposed road, which shall examine and view the contemplated route of the road, and, if they find the same practicable, they shall lay out and mark the road, or the alteration or change, and report their proceedings, in writing, to the board at its next meeting."

"3894 (826). *How damages obtained for taking land.*— When any owner of land, or other person, shall claim compensation for land taken for a public road, or for damages sustained by the construction of a road, he shall petition the board of supervisors, in writing, at the next meeting after the laying out of the road, or at the meeting when the report therof shall be returned, setting forth the nature and character of the damages claimed, whereupon the board shall, on five days' notice to the petitioner, go upon the premises and assess the damages sustained by him. The finding of the board shall be in writing, signed by the members agreeing to it, and must be entered on the minutes at the next meeting; but if the damages sustained and claimed be less than the cost of assessing, the board may allow the same without inquiry."

The case was tried in the court below on the following agreed statement of facts, viz.:

"The land named in the declaration belonged to plaintiff, but was not occupied by him. He made a verbal contract with Moore and Davis to sell them the land, and they occupied it, but had never paid any part of the purchase money to Lusk. A petition signed by both Moore and Davis was presented to the board of supervisors, asking that the road be laid out, but was not signed by Lusk. The petition was filed with the board at its regular meeting in October, 1892, and at its regular meet-

ing in November, 1892, the board ordered the road laid out, and appointed, commissioners to lay it out as required by law. The commissioners performed their duty, and reported to the board at its December, 1892, meeting. At this meeting plaintiff filed his caveat with the board, protesting against the road being laid out, but claimed no damages. The board approved the report of the commissioners at the same meeting. Plaintiff was never given any notice, as required by § 3892 of the code of 1892, and only heard of the action of the commissioners incidentally a few days after the road was laid out. Plaintiff did not make any claim for damages at the meeting at which the commissioners report was made, nor at any other meeting of the board, until he demanded damages for the trespass in January, 1897, before this suit was begun." There was judgment for plaintiff in the court below. Defendant appealed to the supreme court.

*R. N. Miller,* for appellant.

Section 3894, code of 1892, presents an exclusive remedy to the landowner for the recovery of damages because of the taking of his land for a public road. He cannot maintain an independent action therefor, and the court below erred in granting appellee relief in this, an independent action.

*R. P. Willing, Jr.,* for appellee.

Section 3894, code of. 1892, can only apply to a landower to whom notice has been given under § 3892; the two sections must be construed together.

WOODS, C. J., delivered the opinion of the court.

Conceding that the remedy prescribed in § 3894, code of 1892, is the exclusive remedy for securing compensation for the taking of land for a public road, yet it is not the exclusive remedy in cases in which the county takes land by the commission of a trespass, and in flagrant disregard of the statute. The appellee never had any notice of the purpose to lay out the road

through his land, as was required by § 3892, and he only heard of it, in some undisclosed manner, after the road had been laid out, and only appeared before the board of supervisors on the day after the commissioners who had laid out the road had made their report to the board, and he then simply protested, in vain, against the illegal appropriation of his land for road purposes. He never had his day in court, in the sense contemplated by our statutes, referred to above by us.

The appellee was clearly authorized to bring his action for damages for the wrongful appropriation of his property, as otherwise he would be without remedy for an undisputed and flagrant trespass.

*Affirmed.*