### JOHN B. RAINEY *v.* HINDS COUNTY.

1. COUNTY.   *Liability for damages.   Highway.   Constitution* 1890, *sec.* 17.

Under the constitution of 1890, sec. 17, providing that private property shall not be taken or damaged for public use, except on due compensation being first made to the owner, a county is liable to the owner for damages to land which it wrongfully causes to be covered with water by the improper construction of a public causeway.

2. SAME.   *Code* 1892, § 3894.   *Authority to pay.*

Section 3894, code 1892, providing a mode for the owner obtaining damages for lands taken or damaged in the laying out of a highway, authorizes a county to pay damages caused by the construction of a causeway.

FROM the circuit court, first district, of Hinds county.
HON. ROBERT POWELL, Judge.

Rainey, the appellant, was the plaintiff in the court below; Hinds county was defendant there.   The suit was for damages to land belonging to the plaintiff.   The declaration averred that the county, through the board of supervisors, had caused the grade of a highway to be elevated, creating a causeway, and that the work was improperly done, in that there were no openings left for the escape of water, and, as a consequence, the

plaintiff's adjacent lands were flooded with water, and a pond was formed thereon covering four acres of the land, to plaintiff's damage, his homestead being rendered thereby uninhabitable, etc.; that the defendant had been requested to properly drain the land by making openings under the causeway, but had refused to do so, and had refused to compensate the plaintiff for the damage done him, etc. The county demurred to the declaration; the court below sustained the demurrer and dismissed the suit. The plaintiff appealed to the supreme court.

*Harper & Potter*, for appellant.

The doctrine of nonliability of a county for injury to property, whether direct or consequential, has been changed by our constitution of 1890, which provides that property shall not be taken or damaged for public use without due compensation to the owner. Fortunately this question is not left open to the uncertainties of argument, but has been settled by well considered adjudications, which seem to us to be conclusive of the question. *City of Vicksburg* v. *Herman*, 72 Miss., 211; *Copiah County* v. *Lusk*, 77 Miss., 136; *Chester County* v. *Brown*, 117 Pa. St., 647; *Delaware County Appeal*, 119 Pa. St., 159; *Tyler* v. *Tahama County*, 109 Cal., 618.

But it is insisted by appellee that such decision refers merely to municipalities and such like, and not to counties. To that we say that the provisions of the constitution are as broad as language can make them. It refers to anybody, everybody, who damages another man's property, whether directly or consequentially, by any sort of public user. The state itself is clearly within its terms, and surely if the creator must respect and be governed by its terms, the state legislature cannot create an agency, call it a county, let it damage property by public user, and thus escape the provisions of the constitution to which it itself is amenable. Certainly the provision is as broad in its scope in forbidding the damaging as in forbidding the

taking of private property for public use. A county that invades and takes private property for public use is liable in an action of trespass on the case for such damages, although there is no statute giving such a remedy expressly. The case of *Copiah County* v. *Lusk, supra,* decides that point directly.

The identical question involved has been passed on in California and Pennsylvania, which states have recently made substantially the same changes in their constitutions as we have made in ours. The contentions here urged, with others, were fully considered by the courts of those states, and in both jurisdictions it has been expressly held that counties are liable for such injuries; and in both states it had been previously held, as in this state, that counties were not liable at common law in such cases. Cases *supra.*

So far as our examination has gone, and we think it has been thorough, we find no case holding any other view. There are only four or five states that have similar constitutional provisions, and in every one in which this question has arisen it has been decided in favor of our contention.

*Williamson, Wells & Croom,* for appellee.

In an elaborate note in 39 L. R. A., 33, the authorities on the subject of the liabilities in cases of this kind are collated, and the law is summarized by the statement that "the weight of authority is conclusive against imposing any implied liability on counties for negligence in the construction, care and use of public property or for torts or negligence of county employes."

The counties of this state are in certain respects municipal corporations, charged with the duty of making provisions for the building of bridges and the making of roads, and this duty is committed to the boards of supervisors of the respective counties, and their duties in these respects are defined by statute.

As to roads, the boards of supervisors are required to divide the public roads into convenient links, and to appoint annually

one overseer of each.   It is made the duty of the overseer to keep the roads, bridges and causeways in his district in good repair, and, on his failure to do so, he is liable to indictment and fine.   He is required to put up mileposts and signboards, and to repair damages to bridges and causeways, and to make semiannual reports to the boards of supervisors.   Chapter 17, annotated code.  From the provisions of the statute it is manifest that the duty of building causeways and working public roads and keeping them in repair is committed to the overseers of roads in each county.

The powers of the board of supervisors and of the county are statutory, and, taking it as true that the "county made a causeway and raised the highway," it must be presumed that this was done in accordance with statutory authority.

Looking to the statute, we find that the only authority given whereby the counties are authorized to "make" causeways and to "raise highways," is the power and the duty of appointing overseers of the roads and the right to specify work to be done on the road by the labor of the hands assigned thereto. Section 3904, annotated code.

If a causeway is necessary, and cannot be made with the labor of the hands belonging to the road, the board of supervisors is authorized to contract for building and keeping the same in repair.   Section 3937, annotated code.

In no other way could the county have lawfully "made the causeway" on the road in question, and it is therefore conclusively presumed that the causeway was either built by the road hands or by a contractor.

But counties are not liable for the wrongful acts of persons who have been appointed by the county, in obedience to statutory provisions, and where their duties are prescribed by law with penalties for their nonperformance. *Sutton* v. *Board of Police*, 41 Miss., 239.   The duty imposed by the statute as to contracts for building and keeping in repair causeways, is the same as that required and imposed as to bridges.   It was said

by this court in *Brabham* v. *Hinds County*, 54 Miss., 364:
"At common law a county could not be so held liable. A county
can have no liability except as authorized expressly or by
necessary application by some statute. Counties are political
divisions of the state created for convenience. The right to
maintain a suit like this, against a county, is not only outside
the contemplation of the statutes, but is opposed by every con-
sideration of sound policy." *Threadgill* v. *Anson Co.*, 99 N.
C., 352; *Dosdall* v. *Omsted Co.*, 30 Minn., 96; *Winn* v. *Com.
of Gage*, 5 Neb., 494; *Downing* v. *Mason Co.*, 87 Ky., 208;
*Packard* v. *Voltz*, 94 Iowa, 277; *Short* v. *Franklin County*,
73 Mo., 279; 82 Am. Dec., 63.

Under the allegations of the declaration in this case, it cannot
be said that the plaintiff's property has been damaged for pub-
lic use without due compensation being first made. The dec-
laration alleges that the Jackson and Terry dirt road, upon
which the causeway was made, is a public highway of Hinds
county, and owned, worked and controlled as such by Hinds
county. It is to be conclusively presumed that this public
highway was established in accordance with law. Sections
3892 to 3895 inclusive, annotated code, provide the manner of
opening public roads and how damages are obtained for their
establishment. The damages are not restricted to the value of
the land taken, but include and extend to damage caused by the
use to which it is to be put. *Sullivan* v. *Lafayette County*,
58 Miss., 790.

The Jackson and Terry public road, being a public highway
established according to law, running through appellant's land,
he is conclusively presumed to have received due and ample
compensation on account of the opening of said road. It would
be contrary to reason and the policy of the law to say that
after a public highway had been established according to law,
and after the landowner had been duly compensated for the
right of way and the damages on account thereof, that there-
after whenever the road overseer should build a causeway over

low ground or raise the highway in such manner as to injure adjacent lands, that this action amounts to damaging private property for public use in such wise as to authorize a suit against the county. It is not a question of the amount or the items of the plaintiff's recovery, but the question is as to the right to sue the county. The adoption of section 17 of the constitution of 1890 did not change the law in this regard, and there is no more authority to sue the county now than there was when the case of *Brabham* v. *Hinds County* was decided.

TERRAL, J., delivered the opinion of the court.

It seems to be settled in this state that a county is not ordinarily liable to suit except in cases provided for by law. This exemption is placed upon the ground that a county is a governmental agency, created for local purposes, and in this regard it partakes of the immunity of the state itself. The only question before us is whether the declaration states a cause of action against Hinds county. A county, with us, has certain prerogatives and judicial powers, and with respect to the exercise of such powers it may not ordinarily be sued. But a county is also, for many purposes, a corporation. It is a political entity distinct from the several inhabitants that compose it, and a judgment against it is not levied, as at common law, upon the property of a single individual (*Russell* v. *Devon Co.*, 2 Term R., 667), but is paid by a tax levied upon all the taxable property of the county, in conformity with law. Our laws provide that a county may hold property, may sue and be sued, etc.; and in these respects it is a corporation, or at least is clothed with corporate functions in relation to such subjects. It is expressly provided in the constitution of the state (section 17) that " private property shall not be taken or damaged for public use except on due compensation being first made to the owner thereof." Except on compensation first made, private property shall not be taken by whom ? Manifestly, neither by the state nor any subdivision of it, nor by any corporation or

agency created by legislative authority.    To these authorities
the constitution especially speaks, and its mandate may not be
unheeded or disregarded by them, for against invasion of pri-
vate property by all others the common law is a sufficient pro-
tection.    Our statute in relation to roads (chapter 117, code
1892) provides for the erection of causeways, the cutting down
of hills, and for the making of other conveniences for the use
of persons traveling the public highways, and for the damages
sustained thereby it provides for payment to be made out of
the county treasury.    In this case it seems that the public road
has long been opened, and that the construction of the cause-
way which has resulted in so much injury to the plaintiff has
been recently done, but such fact makes no difference in refer-
ence to the remedy.

In *Herman* v. *City of Vicksburg*, 72 Miss., 211, s.c. 16
South., 434, it appears that the lots of Herman, when pur-
chased by him, were on a level with the street adjacent to
them, and that nine years thereafter the city, in making a new
grade for the street, made, abutting the property, a deep cut
of some fifteen feet, which caused the inconvenience complained
of; and it was there held that the making of the cut was a dam-
age not compensated to the plaintiff or to his predecessors in
the title to the property when the street was first opened.    In
respect to the city the right to improve its streets by change
of grade was held to be a continuing right, which might be ex-
ercised repeatedly according to the needs of the public.    In
our opinion a county has power, equal to that of a city, to
grade and improve its roads to suit the needs of its increasing
and advancing population; and, if so, it must exercise the right
under like restrictions.    That a county has such power seems
a reasonable conclusion from the nature and character of the
subject-matter, and from the constitutional and statutory pro-
visions of law touching the subject.    The full jurisdiction of
boards of supervisors over roads is quite a limited power, if,
when roads are once laid out and 'opened, they must forever

continue of the same grade and in the same condition; and the power to erect causeways and cut down hills would be of little consequence if such work could only be done when the roads are first opened. We think the plain provision of the constitution that "private property shall not be taken or damaged for public use except on due compensation being first made to the owner thereof," and the equally plain provision of code, § 3894, that the board of supervisors shall allow and pay such damages, justifies the suit brought herein. It will be noted that this is not a suit against the county because of injurious acts committed by a road overseer, contractor of works, or other agent of the county, but against the county for its own wrongful acts. It has been held that a county is not liable to suit for the acts of such agents, but the wanton wrong here alleged to have been inflicted upon the plaintiff is also alleged to have been committed by the county. The board of supervisors represent the county. *Board* v. *Niles*, 58 Miss., 48; *State* v. *Fortinberry*, 54 Miss., 316. And it is authorized by § 3904 to direct what hills are to be cut down or other special work is to be done; and the allegations of the declaration in this case carry the idea, and are equivalent to the charge, that the board of supervisors have directed the making of the embankment here complained of, and which has, it is said, destroyed the beneficial use of a part of plaintiff's property, and created a private nuisance, which has rendered his residence unfit for the habitation of himself and family. It is apparent from the statement of the declaration that suitable drains would have saved the infliction of the grievous wrongs complained of, and we reasonably suppose that, if such wrongs had been committed by a road overseer, the law would not leave the plaintiff without redress; and, as against the defendant below, we think the plaintiff has brought himself within the letter and spirit of our constitution and statute upon the subject. See, also, *Copiah Co.* v. *Lusk*, 77 Miss., 136, s. c. 24 South., 972.

*Reversed and remanded.*