BENJAMIN J. HUBBARD v. CAROLINE HEMPHILL.

[47 Miss. 657.]

COSTS. *Witness fees. Code* 1906, § 2200.

     A litigant who has been adjudged entitled to recover costs, cannot compel his adversary to pay witness fees, unless the statute, Code 1906, § 2200, regulating the subject has been observed.

FROM the chancery court of Grenada county.

HON. ISAAC T. BLOUNT, Chancellor.

Mrs. Hemphill, appellee, was complainant in the court below; Hubbard, appellant, was defendant there. At the next term of the court following a final decree against him, taxing him with costs, defendant made a motion to retax the costs in the case, and from a decree denying the motion, appealed to the supreme court.

Appellant's motion showed that three witnesses for complainant, the total of whose fees as taxed amounted to $54, had not made affidavits of their attendance at the trial, and the clerk of the court had not issued witnesses' certificates to any of them, but had, of his own volition, erroneously taxed the amounts claimed by them as witnesses, in the cost; that appellee, at whose instance the three witnesses were subpoenaed, had never filed any certificates among the papers, nor requested the clerk to tax them in the cost. Evidence was heard on the motion, and the court found that affidavits had not been taken and certificates issued, but that the witnesses had actually attended court and testified, and therefore should receive compensation, and the court then ordered the clerk to issue the certificates, and overruled appellant's motion.

*Cowles Horton,* for appellant.

Code 1906, § 2200, provides that a witness shall not be entitled to charge for his attendance in a civil case at any term of

the court unless, during the term or within five days thereafter, he shall prove his attendance and obtain a certificate in the manner directed.

It is undisputed that these witnesses did not prove their attendance and that they did not obtain certificates in the manner prescribed by the statute. Hence the decree must be reversed and the case remanded. *Patty v. Sparkman,* 58 Miss. 76; *Barton v. Parker,* 57 Miss. 144; *Marshall Co. v. Tidmore,* 74 Miss. 317, 21 South. 54; *Hall v. Moore,* 70 Miss. 75, 11 South. 655.

*Roane & Roane,* for appellees.

The record shows that the three witnesses for complainant were in attendance upon the trial of the cause wherein the costs were taxed, in obedience to the process of the court, and that they were in attendance on the day the final decree was rendered, and that immediately after the rendition of the decree they went to the chancery clerk and stated to him that they had come to prove their attendance giving him the number of days of their attendance and the mileage of each witness respectively. The chancery clerk testified that when the witnesses appeared before him and stated the foregoing, he made memorandum of the number of days' attendance and the mileage as given him. The court below held, under these circumstances, that the witnesses had done all they could possibly do, and that there was no dereliction of duty on their part, and ordered that certificates be issued to them and filed in the cause, and this was promptly done.

The cases cited by appellant have no bearing upon the issue here.

WHITFIELD, C. J., delivered the opinion of the court.

Code 1906, § 2200, is in the following words: *"Witness Fees in Civil Cases—How Certificates for Obtained.*—The fees to which a witness may be entitled in a civil case shall be allowed,

on the affidavit of the witness, stating the number of days he has attended, and the amount of mileage, toll and ferriage to which he is entitled, to be taken and preserved by the clerk of the court, master or other officer before whom the witness was called to testify, and a certificate of the allowance shall be given to the witness. A witness shall be entitled to demand, at the expiration of each day, his compensation for attending on that day; and if the same be not paid, the witness shall not be obliged to attend further until the compensation for his previous attendance shall be paid, unless the party liable make and file an affidavit of his inability to pay. The party paying a witness attending on his behalf may file the certificate of the witness among the papers in the cause, and if he recover costs therein, the amount shall be taxed in the bill of costs. Any witness may sue for and recover from the party on whose behalf he was summoned the amount specified in his certificate. Where a witness holds a certificate, and the same has been duly entered on the witness docket, it may be taxed and collected as other costs."

These witnesses had never proved their attendance by making the proper affidavits, and no certificates had ever been issued to them. Speaking with respect to a matter of this kind, the court said, in the case of *Patty v. Sparkman,* 58 Miss. 80: "However meritorious the claim for services rendered by an officer, if compensation for them is not provided by statute, it must be denied." And in the case of *Marshall County v. Tidmore,* 74 Miss. 317, 21 South. 51, speaking with reference to witness fees, this court laid down the same strict rule that the statute must be followed. The rule of the statute is not only reasonable, but wise. Compliance is easy, and the witnesses have nobody to blame but themselves.

The decree is reversed, and the cause remanded.

*Reversed.*