M. COHN *v.* M. A. WOODS.

[63 South. 221.]

COSTS. *Witness fees. Affidavit of attendance. Code* 1906, *sections* 2200-2201.

Under section 2201, Code 1906, providing that "a witness shall not be entitled to charge for his attendance in a civil case at any term of court, unless he shall, during the term or within five days thereafter, prove his attendance and obtain a certificate in the manner directed," where witnesses holding certificates did not make affidavit as prescribed by section 2200, Code 1906 but "proved their attendance" by merely stating to the clerk that they had attended court the number of days mentioned in their certificate and that they had traveled the number of miles set out in their certificates in reaching the court from this homes, such certificate should be cancelled on a motion to retax the cost in the case.

APPEAL from the circuit court of Sunflower county. HON. J. M. CASHIN, Judge.

Suit by M. Cohn, as executor against M. A. Woods. From an order overruling a motion to retax cost this appeal is taken.

The facts are fully stated in the opinion of the court.

*S. F. Davis,* for appellant.

As in the court below, we of course, make no objection to any item of cost as originally taxed by the clerk, except the several items allowed as witness fees to the sev-

eral witnesses who appeared at the trial of this cause. Each and every one of said items we contend were improperly taxed and allowed and are not a proper charge against this appellant.

At common law witness fees were not allowed and taxable as a part of the cost in an action at law, and are only so now by virtue of the statutes. So then, inasmuch as it is a creature of the statute, the statute must be followed in all respects before they can be claimed and taxed as cost against the defendant. Section 2200 of the Code of 1906 of the state of Mississippi is as follows:

"The fees to which a witness may be entitled in a civil case shall be allowed on the affidavit of the witness, stating the number of days he has attended and the amount of mileage, toll and ferriage to which he is entitled to be taken and preserved by the clerk of the court, master or other officer before whom the witness was called to testify and a certificate of the allowance shall be given to the witness. A witness shall be entitled to demand at the expiration of each day his compensation for attending on that day; and if the same be not paid, the witness shall not be obliged to attend further until the compensation for his previous attendance shall be paid, unless the party liable make and file an affidavit of his inability to pay. The party paying a witness attending on his behalf may file the certificate of the witness among the papers in the cause, and if he recover cost therein, the amount shall be taxed in the bill of cost. Any witness may sue for and recover from the party on whose behalf he was summoned the amount specified in his certificate. Where a witness holds a certificate, and the same has been duly entered on the witness docket, it may be taxed and collected as other cost."

This section plainly set out in unmistakable language just how a witness in a civil case must prove his attendance. That is to say, he must make an affidavit stating the number of days he has attended, and the amount of

mileage, toll and ferriage to which he is entitled; this affidavit must be taken and preserved by the clerk of the court, master or other officer before whom the witness was called to testify, and when this has been done, then the statute says, "a certificate of allowance shall be given to the witness." And this court, speaking through Chief Justice WHITFIELD, in passing upon this same question in the case of *Hubbard* v. *Hemphill,* reported in 94 Miss. 388 and 47 So. 657 has well said: "The rule of the statute is not only reasonable, but wise. Compliance is easy, and the witnesses have nobody to blame but themselves." This court has also held in the case of *Marshall County* v. *Tidmore,* reported in the 74 Miss. 319 and 21 So. 51, that the statute must be followed before the fees will be allowed.

Section 2201 of the Code of 1906 is as follows: "A witness shall not be entitled to charge for his attendance in a civil case at any term of the court unless he shall, during the term or within five days thereafter, prove his attendance and obtain a certificate in the manner directed; nor in any case civil or criminal, shall a witness who does not appear in court when called, or who is so intoxicated as to be disqualified from testifying, be entitled to receive compensation."

As I understand the law, before a witness is entitled to charge for his attendance in any civil case, several things must concur; he must, at the term which he attends, or within five days thereof, prove his attendance and obtain a certificate in the manner directed says the statutes. What then does this statute mean when it says, "prove his attendance and obtain a certificate in the manner directed?" Certainly it must mean to prove his attendance and obtain a certificate in the manner prescribed by section 2200 of the Code just preceding it. That is to say, by making and filing the affidavit and complying with all the other requirements of said section. And if he does not do this in the time and man-

ner prescribed by these two sections, he is not entitled
to any compensation.

In this case not a single witness ever made the affida-
vit required by section 2200 of the Code entitling them
to claim any compensation for their attendance, and each
certificate issued by the clerk to the witnesses in this
case was improperly issued and is not a proper charge
against this appellant.

I submit to the court, that under the plain language
of the statute and under the rule laid down by this court,
in the case of *Patty* v. *Sparkman,* reported in 58 Miss.
80; and *Marshall County* v. *Tidmore,* and *Hubbard* v.
*Hemphill,* above cited, no witness fee shown on the bill
of cost in this case was a proper charge against this ap-
pellant, and should not have been allowed.

COOK, J., delivered the opinion of the court.

Appellant filed a motion to retax the costs in this case,
which motion was overruled. The proof adduced in sup-
port of the motion discloses that several of the witnesses
holding witness certificates did not make the affidavit
prescribed by section 2200, Code of 1906.

It seems that the witnesses "proved their attendance"
by merely stating to the clerk that they had attended
court the number of days mentioned in their certificates,
and that they had traveled the number of miles set out
in their certificates in reaching the court from their
homes. The witnesses were not sworn, and no affidavit
was "taken and preserved by the clerk." Section 2201,
Code of 1906, provides: "A witness shall not be en-
titled to charge for his attendance in a civil case at any
term of the court, unless he shall, during the term or
within five days thereafter, prove his attendance and ob-
tain a certificate in the manner directed."

It seems clear that the trial court erred in refusing
to retax the costs and cancel the witness certificates
held by the following witnesses: J. Walkins, nine dol-

lars; J. Ingram, nine dollars; D. D. Williams, eighteen dollars and twenty cents; J. O. Walker, eight dollars and seventy cents; R. P. Woods, ten dollars and fifty cents; H. Williams, eleven dollars and thirty-five cents; West Keyton, five dollars and fifty cents; John Jones, five dollars and fifty cents; Hesley Brown, nine dollars and ninety cents; Dock Moore, nine dollars and forty cents; Eva Moore, two dollars—and the cause will be reversed and remanded, with directions to the circuit court to retax the costs in accordance with this opinion.

*Reversed and remanded.*