## .COVINGTON COUNTY *v.* WATTS.

[82 South. 309, Division B. No. 20819.]

1. CONSTITUTIONAL LAW. *Eminent domain. Highways. Claim for damages due to construction of road. Liability.*

Under section 17, of the Constitution of 1890, providing that "private property shall not be taken or damaged for public use, except on due compensation being first made to the owner," a county is liable to the owner for damage to land which it wrongfully caused to be covered with water by the improper construction of a public causeway.

2. SAME.

Where the board of supervisors let a contract for road construction in a road district created under Laws 1912, chapter 145, and approved the plans and specifications and accepted the work as being in accordance with the contract, the county is liable for damages to the owner's land due to placing a culvert at a height not less than twelve inches above the bottom of a ditch which was filled up in the construction of the road.

3. SAME.

In such case the plain provisions of section 17 of the Constitution and the equally plain provision of Code 1906, section 3894, that the board of supervisors shall allow and pay such damages, justifies a suit by the owner against the county.

4. EMINENT DOMAIN. *Damages due to construction of highway. Liability of county or road district.*

Although the county board created a separate road district and appointed highway commissioners, the county and not the district is liable for damages if any, due to construction of a highway in the district, in view of Constitution 1890, section 170, giving boards of supervisors full jurisdictions over roads, and Laws 1912, chapter 145, in conformity with which the road district was created, limiting the powers of the commissioners so that they are not effective until approved by the board of supervisors.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Suit by T. H. Watts against Covington County. From a judgment for plaintiff, the county appeals.

The facts are fully stated in the opinion of the court.

*E. L. Dent,* for appellant.

In the case of *Rainey* v. *Hinds County,* 78 Miss. 308, this court held: "It seems, to be settled in this state that a county is not ordinarily liable to suits except in cases provided by law. This exemption is placed upon the ground that a county is a governmental agency, created for local purposes, and in this regard it partakes of the immunity of the state itself." In this Rainey case, *supra,* it is further said: "It will be noted that this is not a suit against the county because of injurious acts committed by a road overseer, contractor of works or other agents of the county, but against the county for its own wrongful acts. It has been held that a county is not liable to suit for the acts of such agents."

The case at bar is exactly like the Rainey case, *supra,* and when this case was again before this court as it appears in 79 Miss. 238, on the competency of the conversation between appellant and Mr. Cranfron, a member of the board of supervisors and the motion for a peremptory instruction, this court says: "That the bad construction of the causeway was brought to their attention—attention of the board—and they failed to intervene in behalf of the plaintiff, does not render the county liable for the injury."

Upon the authority as announced in this Rainey case, *supra,* the court should have sustained the motion of appellant for a peremptory instruction, which motion is in part as follows: See record page 78. "The defendant is not liable for the filling up of the culvert and the overflowing of plaintiff's land, if it was overflowed, and that it was the act, if it was improperly put in it, was an act on the part of the agents of the county, for whose acts the county is not liable."

No wanton or wilful wrong is shown on the part of the county, and I respectfully submit that the incompetent testimony above referred to, the refusal of the

court to sustain the motion for a peremptory instruction, and the refusal by the court of the instruction as appears in record on page 115 is all against the law as announced in this Rainey case, *supra,* and that the action of the court in permitting such testimony over proper objections, and the refusal to grant the peremptory instruction and the instrucion complained of, is such a manifest error that this case should be reversed and remanded, or reversed and a judgment given here for the county appellant.

*McIntosh & Tew* and *T. W. Cranford* for appellees.

Counsel for appellant cites the case of *Rainey* v. *Hinds County,* 78 Miss. 308, which case was before the supreme court again and is reported in 79 Miss. 238, quotes extracts therefrom and says the case at bar is exactly like this case; with this we concur except the work done in the Rainey case was done by the overseer as it developed in the trial of the cause and referred to by the supreme court in its final decision, but the court in commenting upon the declaration in the Rainey case when it was first before it on demurrer said on page 314: "The board of supervisors represented the county. *Board* v. *Nile,* 58 Miss. 48; *State* v. *Fortenberry,* 54 Miss. 316. And it is authorized by section 3904 to direct what hills are to be cut down or other special work is to be done. The allegations of the declaration in this case carry the idea and are equivalent to the charge that the board of supervisors have directed the making of an embankment here complained of, and which has, it is said, destroyed the beneficial use of a part of plaintiff's property and created a private nuisance, which has rendered his residence unfit for the habitation of himself and family. It is apparent from the statement of the declaration that suitable drains would have saved

the infliction of the grievious wrongs complained of and
we reasonably suppose that if such wrongs had been
committed by a road overseer, the law would not leave
the plaintiff without redress and as against the defend-
ant below we think the plaintiff has brought himself
within the letter and spirit of our constitution and
statute upon the subject. See, also, *Copiah County* v.
*Lusk,* 77 Miss. 136.''

In the final trial of the Rainey case as reported in
79 Miss., it developed that the work that was done that
caused the damage was done by road overseer not under
the special direction of the board of supervisors and was
held of course that the county was not liable for his acts.
In the case at bar the board of supervisors furnished
plans and specifications, profile and blue prints showing
exactly the fill to be made, and the size culvert to be
placed in fill in appellee's land, all of which was done
by order of board of supervisors in regular session
spread upon their minutes, thereby making the act of
the contractor the act of the county, whereby it took the
private property or a beneficial interest therein for
public use for which a jury said one hundred dollars
was due compensation to the owner thereof. After
having heard the evidence and the proper instructions
of the court, we therefore maintain that the judgment
of the court should be affirmed.

Ethridge, J., delivered the opinion of the court.

The appellee brought suit against Covington county
for damage to eleven acres of land owned by him in
the said county through which a public road ran. The
board of supervisors made a road district in conformity
to chapter 145, Laws of 1912, and issued bonds in
accordance with the said law and appointed road com-
missioners as therein provided. The said road com-
missioners employed an engineer to draw the plans and
specifications for working the road in question, which

plans and specifications were approved by the road com-
missioners and the board of supervisors, and a contract
let for working the said road which involved cutting
down the grade of hills, and filling in hollows and low
places so as to level the road. In filling in across a ditch
which crossed the road from plaintiff's place the ditch
was filled up, and a culvert placed at a height o
not less than twelve inches above where the bottom of
the ditch formerly went, which construction caused the
waters to be impounded to a height of twelve inches over
certain of plaintiff's land. Plaintiff presented a claim
for damages to the board of supervisors, which board
disallowed the claim, and this suit was filed in the circuit
court for damages in the sum of one thousand dollars,
and a verdict was rendered and judgment entered for
one hundred dollars from which judgment the county
appeals.

We deem it necessary to discuss only one of the as-
signments of error, which is that the court erred in not
sustaining the motion for a peremptory instruction for
the defendant. It is contended by the county that the
case at bar is governed by the announcement by this
court in *Rainey* v. *Hinds County,* 79 Miss. 238, 30 So. 636,
where this court held that a county is not liable to one
whose property is damaged by the negligent or tor-
tuous construction of a causeway by a road overseer
in the absence of directions from the board of super-
visors as to how it should be made. In that case, the
court held the county was not liable because the overseer
was constructing the causeway in question on his own
initiative and not under the direction of the board of
supervisors; the court saying:

"But the negligent or wrongful construction of the
causeway, if taken to be proven, was the work solely of
the road overseer. The board of supervisors gave no
directions as to how the causeway should be construct-
ed and are not culpable in that regard."

In the present case, the board of supervisors had approved the plans and specifications for the road work, and had let the contract for such work and accepted the work as being in accordance with the contract. So in the present case the work was done at the instance and on the direction of the board of supervisors.

It is provided in section 17 of the state Constitution that: "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law;" etc.

Section 24 of the state Constitution provides that: "All courts shall be open; and every person for an injury done him in his lands . . . shall have remedy by due course of law," etc.

Section 309, Code of 1906, section 3682, Hemingway's Code, provides: "Any county may sue and be sued by its name, and suits against the county may be instituted in any court having jurisdiction of the amount sitting at the county site," etc.

Section 311, Code of 1906, section 3684, Hemingway's Code, provides: "A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county," etc.

In the case of *Rainey* v. *Hinds County,* 78 Miss. 308, 28 So. 875, which was the first appeal to this court of the case relied on by the appellant, this court held that under section 17 of the Constitution of 1890, providing that "private property shall not be taken or damaged for public use, except on due compensation ,being first made to the owner," a county is. liable to the owner for damages to land which it wrongfully caused to be covered with water by the improper construction of a

120 Miss.—28

public causeway. At page 315 of 78 Miss., at page
876 of 28 So., this court said:

"We think the plain provision of the Constitution
that 'private property shall not be taken or damaged
for public use except on due compensation being first
made to the owner thereof,' and equally plain pro-
vision of Code, section 3894, that the board of super-
visors shall allow and pay such damages, justifies the
suit brought herein. It will be noted that this is not
a suit against the county because of injurious acts
committed by a road overseer, contractor of works, or
other agent of the county, but against the county for
its own wrongful acts. . . . It is apparent from
the statement of the declaration that suitable drains
would have saved the infliction of the grievous wrongs
complained of, and we reasonably suppose that, if such
wrongs had been committed by a road overseer, the law
would not leave the plaintiff without redress; and, as
against the defendant below, we think the plaintiff has
brought himself within the letter and spirit of our Con-
stitution and statute upon the subject. See, also, *Copiah
County* v. *Lusk*, 77 Miss. 136, 24 So. 972."

We think that the case at bar comes within the case
just quoted from and that the county was liable for the
injury inflicted. It is insisted, as an additional reason
for a peremptory instruction for the county that the
board created a separate road district, and the board
had appointed highway commissioners under the super-
vision of a competent engineer, and if there was any
liability it was against the district and not against the
county as a whole. It will be noted from a careful
reading of chapter 145 that the powers of the com-
missioners are limited and are not effective until ap-
proved by the board of supervisors. The district can
only be created, and each step in its creation and opera-
tion must be approved, by the board of supervisors,
and under the Constitution of the state, section one

hundred and seventy, the board of supervisors have full jurisdiction over road, ferries, and bridges, to be exercised in accordance with rules to be prescribed by law. It may be that the board when the judgment is made final will draw the warrant upon the road funds of the said district; but, he that as it may, the question is not here presented and can be decided when properly presented.

We are satisfied that the judgment of the court below was correct, and it is, accordingly, affirmed.

*Affirmed.*