## HEROD *v.* CARROLL COUNTY.

(Division B.   Jan. 18, 1932.)

[138 So. 800.   No. 29543.]

**J. W. Conger,** of Winona, for appellant.

E. V. Hughston and S. E. Turner, of Carrollton, for appellee.

80

Argued orally by **J. W. Conger**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, T. J. Herod, filed a claim with the board of supervisors of Carroll county for damages for the taking of a certain road right of way over certain lots belonging to Herod, and for laying out and constructing a road thereon without having condemned the land and paid for it in the manner provided by law. It appears that the property owned by Herod was formerly owned by another party, and the road had been surveyed and laid out across lands now owned by Herod at a different point. Subsequently, the road was constructed where it now is, but it does not appear that the board of supervisors had placed the order laying out and establishing the road and paying for the construction thereof upon its minutes. There was oral proof, without dispute,

which shows that such was the fact. The dispute between Herod and the county appears to have been as to the extent of a former settlement for the right of way so taken, or a portion thereof.

It was Herod's contention that this former settlement embraced a right of way to the southeast corner of block 10 in the town of McCarley, and that the road was actually constructed beyond and to the east of that point some distance through to the lots. It was the contention and proof of the county that payment was for the right of way over all the lots in the village of McCarley belonging to Herod.

The court instructed the jury for the county as follows: "The court instructs the jury that it is incumbent upon the plaintiff to prove by a preponderance of the evidence, first, that his land had been taken or damaged by Carroll county, acting through its board of supervisors as shown on the minutes of said board, and second, the plaintiff must show by a preponderance of the evidence the amount of damages he has sustained by reason of the acts of the aforesaid board of supervisors, and unless he shall so show to the satisfaction of the jury from the evidence, the jury must find for the defendant, Carroll county."

It will be seen from this instruction that the court told the jury that, unless the road had been laid out by order entered on the minutes, the county was not liable. There was an order introduced in evidence by the claimant by which the county board of supervisors had turned over this road to the state highway department. This order appears to be in the following language: "Beat four east and west highway through Carrollton. Whereas, the following communication has been received by this board: 'Hon. Board of Supervisors of Carroll county. Gentlemen: An inspection has been made of the road in your county from the Leflore county line east of Greenwood to the Montgomery county line, through Car-

rollton and North Carrollton, and we find the same to be in the following condition: A road graded twenty-four feet wide with twelve feet of gravel surfacing. Length twenty-two miles. Under the provisions of Senate Bill No. 82 of the Mississippi legislature of 1924, this department hereby offers to take over as up to standard requirement and for maintenance, the road from the Leflore county line east of Greenwood to the Montgomery county line, through Carrollton and North Carrollton, with the following exceptions: That portion of the road between the west limits of Carrollton and the east limits of North Carrollton, all drainage structures not built according to state standard plans and specifications. With the additional understanding that this road is to be maintained by this department as the kind of road in the condition that it is turned over to us; and, in the event that improvements or betterments are required, that the county will construct such improvements or betterments.'

"Now, therefore, be it resolved by the board of supervisors that the offer of the state highway department to accept these roads under the conditions outlined above be and it is hereby accepted.

"Be it further resolved that the clerk of this board be instructed to transmit to the state highway department a certified copy of this order."

It therefore appears to us that it is established that the county had assumed jurisdiction over the road laid out and approved, as shown in the oral testimony it undertook to transfer by this order to the state highway commission, and stipulated that, in case improvements or betterments were required, the county would construct such improvements or betterments. We think this order is sufficient to establish the claim of ownership of the state highway by the county, and that this claim appears of record. In Covington County v. Watts, 120 Miss. 248, 82 So. 309, it was held that under section 17

of the constitution, providing that private property shall not be taken or damaged for public uses without just compensation being first paid, a county was liable for damages to the property caused by an improper construction of a highway across said property, thereby causing water to impound on the land of the property owner. See, also, Campbell v. Covington County (Miss.), 137 So. 111.

In Rainey v. Hinds County, 78 Miss. 308, 28 So. 875, it was also held that a county was liable for damaged property caused by the negligence of the county in constructing a causeway across said property, to the damage of the property. See, also, Copiah County v. Lusk, 77 Miss. 136, 24 So. 972.

It is clear that the county cannot assume jurisdiction over a highway, expend the public funds in constructing and repairing the same, and continue the use of the same as a highway without paying damages for the taking of, or injury to, the property owner occasioned by such acts. The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.