HEROD *v.* CARROLL COUNTY.

(Division B.   Nov. 19, 1934.)

[157 So. 533.   No. 31418.]

J. W. Conger, of Winona, for appellant.

**E. V. Hughston,** of Greenwood, and **S. E. Turner,** of Carrollton, for appellee.

Argued orally by **J. W. Conger**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

This case has been before this court before; the decision being found in H'erod v. Carroll County, 162 Miss. 78, 138 So. 800, where the judgment of the court below was reversed and the cause remanded for a new trial. It appears that this appeal is, substantially, from the same testimony as the former appeal.

The board of supervisors laid out a highway which it turned over to the state which improved the road, and the county had paid Herod up to the southeast corner of block 10 in the town of McCarley, but had not paid for other land over which the road traversed, and refused to pay for the right of way and other damages to the last-mentioned property.

The court granted a peremptory instruction for the appellant, and also instructed the jury that the appellant was entitled to recover damages according to the evidence adduced at the trial, the weight and credibility of which they were the sole judges, and that the appellant was entitled to due compensation, not only for the value of the property actually taken as specified in the claim, but also for damages, if any, resulting to him as a consequence of the taking, and that they were not to deduct therefrom anything on account of the supposed benefits incident to the public use of said property as a

public road. The court also gave another instruction on the measure of damages.

The court then instructed the jury for the defendant (appellee here) that, in estimating the quantity of land taken from the appellant for road purposes, they could only consider the land actually taken, as shown by the roadbed viewed by them, and that they could not take into consideration, in their estimate, the land that belonged to the old roadbed, nor the land that the map of the town of McCarley shows was dedicated to street or road purposes adjacent to said road, nor the land of the right of way of the Columbus & Greenville Railway Company, and that, unless the jury believed, from the evidence, that the defendant, Carroll county, took land from Herod which it had not paid him for, then they must find for the defendant.

It will be seen from these instructions that they are in conflict with the peremptory instruction granted for the appellant.

We think it is clear, from the record, that the peremptory instruction granted for the appellant was proper, and that the court erred in granting instructions conflicting therewith, and the judgment of the court below will be reversed, and judgment entered here as to liability, and the cause remanded for the purpose of assessing damages.

Reversed and remanded.