WOODRUFF *v.* BRIGHT *et al.*

(Division A.  Mar. 2, 1936.)

[166 So. 390.  No. 32124.]

Lee **T. Woodruff**, of Batesville, for appellant.

**McGowen, J.**, delivered the opinion of the court.

This is an appeal from a judgment of the circuit court overruling a motion to retax costs entered by Woodruff, a defendant in execution in that court. Woodruff, the appellant here, sued Bright, and obtained a judgment, and had execution levied upon certain cattle, whereupon Coggins filed claimant's proceeding, and on that issue alone the case was tried in the circuit court, and Coggins obtained a judgment. Woodruff, the plaintiff in execution, prosecuted an appeal to this court. The case was affirmed here in 157 So. 533.

In the trial of the claimant's issue in the circuit court, Coggins subpœnaed about twenty witnesses whose fees amounted to ninety-six dollars and twenty cents. The

proof shows that the witnesses went before the clerk and made oath as to the number of days attended by each and the mileage due each, but some of the affidavits do not carry the signatures of the affiants. The evidence further shows that no certificate of the allowance was ever issued by the circuit clerk to any of the witnesses whose fees are involved here. The judgment of the court below overruling the motion to retax the costs as to these witnesses directed that the clerk issue certificates to the witnesses.

The question presented here for decision is, May the clerk include in the costs accrued in the circuit court on account of witnesses the fees of such witnesses where certificates have not been issued to them during the term of court or within five days thereafter?

Section 1805, Code of 1930, fixes the fees and mileage of witnesses in the circuit and chancery courts.

Section 1806 provides how certificates may be obtained by witnesses for their fees in civil cases, and is, in part, as follows: ''The fees to which a witness may be entitled in a civil case shall be allowed, on the affidavit of the witness, stating the number of days he has attended, and the amount of mileage, toll, and ferriage to which he is entitled, to be taken and preserved by the clerk of the court, master, or other officer before whom the witness was called to testify, and a certificate of the allowance shall be given to the witness. . : . The party paying a witness attending on his behalf may file the certificate of the witness among the papers in the cause, and, if he recover costs therein, the amount shall be taxed in the bill of costs. Any witness may sue for and recover from the party on whose behalf he was summoned the amount specified in his certificate. Where a witness holds a certificate, and the same has been duly entered on the witness docket, it may be taxed and collected as other costs.''

Section 1807 is as follows: ''A witness shall not be entitled to charge for his attendance in a civil case at

any term of the court unless he shall, during the term or within five days thereafter, prove his attendance and obtain a certificate in the manner directed; nor in any case, civil or criminal, shall a witness who does not appear in court when called, or who is so intoxicated as to be disqualified from testifying, be entitled to receive compensation.

By section 483, Code of 1930, the clerk of the circuit court is required to keep a subpœna docket, in which he shall enter the style and number of each case in which a subpœna for a witness is issued, the name of the party for whom the witness is subpœnaed, to whom the subpœna is directed, the date of its issuance, when returnable, whether or not executed, and he shall therein keep an account of all witnesses who may be absent when the case in which they have been subpœnaed is called for trial, or who may disqualify themselves from giving testimony by being intoxicated when such case is tried, and he shall not issue any certificate to such witnesses; and the docket shall be kept duly indexed.

Section 3011, Code of 1930, requires the clerks of chancery and circuit courts to issue execution within twenty days after the adjournment of the court unless such courts shall have ordered otherwise or the party in whose favor the judgment or decree is rendered shall request otherwise.

We have called attention to these statutes to show the importance of the witnesses' certificates as a part of the costs to be taxed, and, when taxed, execution may be promptly issued therefor. The statutes require the circuit clerk to issue the certificate upon the affidavit; the time within which the certificate is issued is important in the final taxing of costs. The court below was of the opinion that, because the witness had done all he could, he was entitled to the fee, notwithstanding the expiration of the time within which the clerk was authorized to issue a certificate.

Let it be understood that we are not dealing with a case where a witness demanded his certificate within the time limit and the clerk refused or neglected to issue it. No such case is before us. The witness simply went to the clerk and made an affidavit; thereupon he should have secured a certificate. The clerk was required to issue a certificate to him; he did not do so, and had not done so at the time of the trial of this motion in the court below. The statute mandatorily forfeits the fees of a witness who fails to obtain a certificate from the clerk just as certainly as when he fails to prove his attendance; by either course he may waive his claim.

In the case of Hubbard v. Hemphill, 94 Miss. 388, 47 So. 657, the court said: "These witnesses had never proven their attendance by making the proper affidavits, and no certificates had ever been issued to them." In Cohn v. Woods, 105 Miss. 716, 63 So. 221, 222, the court held that "a witness shall not be entitled to charge for his attendance in a civil case at any term of the court, unless he shall, during the term or within five days thereafter, prove his attendance and obtain a certificate in the manner directed."

The statute makes the certificate of the clerk the proof of the amount due a witness and is the clerk's authority for its inclusion in a cost bill. The affidavit of the witness does not establish the sum due the witness, although it is a prerequisite to the issuance of the certificate. If the clerk has properly maintained his subpœna docket, he has accurate information as to the days a witness has attended court. In no sense did the witnesses in the case at bar obtain the clerk's certificate within the time fixed by the statute. A witness must hold such certificate in order that the amount thereof may be included in the costs taxed for which an execution may issue.

The certificates of the clerk of the attendance of the witnesses are his authority for taxing the costs. We cannot write an exception into the statute. How could an

execution be issued for a sum certain as costs if a witness might obtain a certificate at any time he saw fit to demand or the clerk saw fit to issue it. The statute is wise and ought not to be departed from by a refined construction. The court below erred in not sustaining the motion to retax the costs. Judgment will be entered here accordingly.

Reversed, and judgment here for appellant.