## GREEN *v*. MYRICK.

(Division A.   Jan. 11, 1937.)

[171 So. 774.   No. 32496.]

O. M. Oates, of Bay Springs, for appellant.

**Sam Whitman,** of Bay Springs, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from an order of the circuit court overruling a motion to retax costs by eliminating from the cost bill the sum of sixty-seven dollars and eighty

cents taxed therein as fees for witnesses who failed to prove their attendance at court in the manner prescribed by sections 1806 and 1807, Code of 1930.

The proof shows that the witnesses in question merely appeared before the clerk and furnished him a statement of the number of days they had attended the court and the amount of mileage to which they were entitled, but none of them made affidavit to these facts, and no certificate of attendance was issued by the clerk to any of these witnesses.

Upon the assignment of error based upon the action of the court in overruling the motion to retax costs, this cause is ruled by the case of Woodruff v. Bright, 175 Miss. 109, 166 So. 390, wherein the statutes and decisions bearing upon the point are collated and fully discussed, and it was held that witness fees are not recoverable where a certificate of allowance is not issued by the clerk during the term of court or within five days thereafter, although the witness may have made proper affidavit before the clerk. In the case at bar neither were the proper affidavits made nor the certificates issued during the term of court, or within five days thereafter, and consequently the motion to retax costs by eliminating these witness fees should have been sustained.

While courts may by nunc pro tunc orders supply omissions in the record of what had previously been done, and by mistake or neglect not entered, they cannot thus supply an entire omission to act within the time limit for such action. The statute, section 1807, Code 1930, requires that, in order to be entitled to charge for attendance, witnesses must prove their attendance and obtain the clerk's certificate during the term, or within five days thereafter, and the order of the court attempting to authorize affidavits to be made and certificates issued for attendance at former terms of the court was wholly ineffective. The positive limitation of the stat-

ute cannot be abolished in that way. 42 C. J. secs. 221, 222, and authorities there cited. For the error in overruling the motion to retax the costs the judgment of the court below will be reversed, and judgment will be entered here for the appellant.

Reversed, and judgment for appellant.