FACTS AND PROCEDURAL HISTORY
 

 LEE, P.J.,
 

 for the Court.
 

 ¶ 1. On December 4, 2001, Em Pok Henderson and Ronald Wayne Henderson filed a joint complaint for divorce in the Pearl River County Chancery Court. The parties had attached a signed property settlement agreement, wherein the parties agreed to certain matters pertaining to marital property and the amount of alimony Ron would pay to Em per month. The chancellor signed the final decree of divorce on April 23, 2002; however, this decree was never filed in the chancery clerk’s office. The parties were unaware that the final decree had not been filed. Unknown to either party, the complaint for divorce was dismissed on April 12, 2004, for lack of prosecution.
 

 ¶ 2. In September 2005, Ron discovered that the case had been dismissed and immediately ceased alimony payments, which he had been making to Em every month since the joint complaint for divorce was filed in December 2001. On November 3, 2005, Ron filed for divorce from Em on the ground of desertion or, in the alternative, irreconcilable differences. On March 3, 2006, Em filed a motion to enter the April 23, 2002, judgment nunc pro tunc. On June 14, 2006, the chancellor entered an order vacating the judgment of dismissal. After a hearing on the matter, the chancellor directed the April 23, 2002, judgment to be entered nunc pro tunc, with the provisions as agreed to by both parties being in full force and effect.
 

 ¶ 3. Ron now appeals, asserting the following issue, which we cite verbatim: Did the chancellor err in granting an irreconcilable differences divorce in disregard of the appellant’s filing of a second complaint for divorce? Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. Our standard of review in chancery matters is well settled. This Court will not reverse a decision of a chancellor unless the chancellor’s findings were clearly erroneous, manifestly wrong, or applied an erroneous legal standard.
 
 Pearson v. Pearson,
 
 761 So.2d 157, 162(¶ 14) (Miss.2000).
 

 DISCUSSION
 

 ¶ 5. In his sole issue on appeal, Ron argues that the chancellor erred in granting an irreconcilable differences divorce in
 
 *464
 
 disregard of his second complaint for divorce. Ron contends that by filing a second complaint for divorce, he withdrew his consent to the original complaint for divorce pursuant to Mississippi Code Annotated section 93-5-2(5) (Supp.2009). Ron’s argument is misplaced. Consent to an irreconcilable differences divorce can be withdrawn prior to the judgment of divorce.
 
 Id.
 
 However, Ron failed to do so. The judgment of divorce was entered nunc pro tune, meaning that the judgment was effective from the signed date of April 23, 2002, not from November 10, 2008, which was the date of the order to enter the April 23, 2002, judgment.
 

 ¶ 6. Nunc pro tunc relates to a ruling or action previously made or done but for some reason the record of it is defective or omitted.
 
 Thrash v. Thrash,
 
 385 So.2d 961, 963 (Miss.1980). “[CJourts may by nunc pro tunc orders supply omissions in the record of what had previously been done, and by mistake or neglect not entered.”
 
 Green v. Myrich,
 
 177 Miss. 778, 171 So. 774, 774 (1937). “The later record making does not itself have a retroactive effect but it constitutes the later evidence of a prior effectual act.”
 
 Thrash,
 
 385 So.2d at 963-64 (citation omitted). We find no error by the chancellor in entering the prior judgment nunc pro tunc. This argument is without merit.
 

 ¶ 7. THE JUDGMENT OF THE PEARL RIVER COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.