CHARLES E. CHIDSEY *v.* CITY OF PASCAGOULA.

[59 South. 879.]

1. MUNICIPAL CORPORATION.  *Change of grade.  Surface ·waters.  Damages.*

Where a suit against a city for damages for obstructing the natural drainage of surface water was not brought under section 17, Constitution 1890, providing for compensation to the owners of property taken or damaged for public use, but plaintiff's declaration only charges that the injury to his property was caused by the negligent change and construction of a sidewalk and street grade by the city, the only issue presented to the trial court was whether or not the city was negligent and where the evidence did not show that the city was negligent in changing and constructing such grade, the plaintiff was not entitled to recover, as the changing of a street grade is not *per se* negligence.

2. SAME.

A municipality has the undeniable right to change its street grade and to alter the original plans and specifications, and in so doing it is not negligent *per se*.

APPEAL from the circuit court of Jackson county.

HON. GEO. S. DODDS, Special Judge.

Suit by Charles E. Chidsey against city of Pascagoula. From a judgment for defendant, plaintiff appeals.

Appellant sued the city of Pascagoula for damages for "obstructing the natural and only drainage of surface water accumulating on his premises, . . . and which was toward and into Delmas avenue, on which it fronts,. and such drainage was sufficient to and did keep plaintiff's premises in reasonably dry and comfortable condition until the defendant obstructed same by the negligent construction and maintenance of the sidewalk on, across, and over the front of said premises." The declaration also alleged that it was the duty of the city to construct its sidewalk according to plans and specifica-

tions (which seems to have been done), and that the city had been negligent in its construction of the sidewalk, which caused the damage to appellant's property.

The proof showed that appellant had, prior to the construction of this sidewalk, dug a drain out into the street to carry off some of the surface water, and that the natural drainage of the property was toward the rear, but that such drainage had been obstructed. The lot was flat and low, and below the street grade. The city placed a drain under the sidewalk; but appellant claims that it did not keep it cleaned out, so as to drain his land. The defense of the city was that they had conformed to the plans and specifications in the construction of the sidewalk, and that they had been guilty of no negligence or carelessness, and that they had interfered in no way with the natural drainage of the property, and were under no obligation to drain appellant's land.

The case was submitted to a jury, who viewed the premises and returned a verdict for plaintiff in the sum of two dollars and fifty cents, from which he appeals. The case was affirmed without written opinion, and afterwards, a suggestion of error was filed.

*Denny & Denny,* for appellant.

*H. B. Everitt,* for appellee.

COOK, J., delivered the opinion of the court.

The cause of action in the present case is not predicated upon section 17 of the Constitution; it being charged by the declaration that the injury to plaintiff's property was caused by the negligent construction of the sidewalk and street grade. The only issue presented to the trial court was whether or not the city was negligent. In fact, the pleadings charged, and all the evidence was an attempt to show, a negligent and careless change in the plans of the street grade. This being the issue made by the pleadings, the question of negligence

was submitted to the jury with proper instructions from the court.

It is complained that the trial court peremptorily in-structed the jury that no damages should be considered by reason of the obstruction of the flow of the rainwater falling upon the lot. · We think the evidence clearly shows that there was no negligent or careless construc-tion, so far as the same may have affected the drainage of the surface water. This damage, if any, resulted from a perfectly proper exercise of the city's power to alter its street grade. The city had the undeniable right to change its street grade, and to alter the original plans and specifications, and in so doing there was no negli-gence *per se,* and no negligence in fact is shown by the evidence.

It is unnecessary to say what would be the rule under a different state of the pleadings, as we deal with each case as made by the pleader.

We see no reason for changing our former action, and the suggestion or error is therefore overruled.

*Suggestion of error overruled.*