HODGES *et ux. v.* TOWN OF DREW.

(Division B. February 11, 1935. Suggestion of Error Overruled March 25, 1935.)

[159 So. 298. No. 31514.]

670

**B. B. Allen,** of Indianola, for appellant.

**J. O. Eastland,** of Ruleville, for appellants.

Taylor & Marsalis, of Drew, and Moody & Johnson, of Indianola, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellants, husband and wife, brought this action in the circuit court of Sunflower county against appellee to recover damages for injuries to their health and comfort and that of their family, and to their land, including the income therefrom, alleged to have been caused by the improper and negligent maintenance by appellee of its septic tank connected with its sewerage system. At the conclusion of the evidence, the court directed a verdict for appellee; judgment was accordingly entered, from which judgment appellants prosecute this appeal.

Drew is a town of about one thousand three hundred inhabitants. A good many years ago it constructed and put into operation a sewerage system for its inhabitants. A necessary part of the system was a septic tank located near the outskirts of the town; into this tank all the sewerage was emptied and treated, and from the tank it emptied through an underground passage into Blue Lake, something like fifty feet away.

The evidence tended to show that, if the septic tank had been maintained as originally constructed, it would have been harmless to the health, comfort, and property rights of those around it. The evidence for the appellants, which for the purposes of considering the propriety of the directed verdict for the town is to be taken as true, showed that beginning about the year 1930 the town permitted the septic tank to fall into disrepair to such an extent that the sewerage overflowed it and ran out over a considerable area of land and into Blue Lake. This condition has continued since. The result is that the overflowing sewerage not only contaminates the surrounding land but the waters of the lake as well, and emits most offensive and nauseating odors. Because of these odors appellants and their children have suffered great discomfort and have been made sick, and tenants and laborers on their farm, on which the septic tank and Blue Lake, in part, are situated, refuse to plant, cultivate, and gather crops on a substantial part of the land around the tank; thereby the income from their farm is reduced.

The farm of appellants consists of thirty-four acres; the title is in appellant Mrs. Hodges and not her husband. Her predecessor in title, about the time the sewerage system was established, granted the town an easement to erect and maintain the septic tank on this land. Appellants' home is situated on this land south of, and between three hundred and four hundred feet from, the

septic tank. Appellants and about seventy other residents in the area around the septic tank petitioned the town authorities to repair the tank so as to remedy its defective condition. No action was taken in response to the petition. The evidence showed that, although the title to the land and to the home was in the wife, the husband had complete charge of it; he owned and collected all the rents from the crops thereon, and financed the farming operations of the tenants and laborers out of his own funds; he paid the taxes out of his own means; and suffered any loss that occurred from the operation of the farm. He controlled the place for himself and his family and not as agent for his wife. He paid all the living expenses for the family. In other words, the beneficial interest in the land belonged to him for the use and support of himself and his wife and children.

With its plea the town gave notice that on the trial it would insist that the case be dismissed upon the ground that there was a misjoinder of plaintiffs—that their interest was not common but independent and distinct; therefore they could not maintain a joint action. On the trial, it developed that the title to the land, as above stated, was in the wife. Objection was thereupon made by the town on the ground stated, and the court sustained the objection, to which action of the court appellants excepted. In obedience to the ruling, appellants dismissed the cause as to the wife and left the husband as the sole plaintiff. That action of the court is assigned and argued as error.

The reasons for not permitting a misjoinder of plaintiffs are to avoid the trial of more than one suit at a time; to promote certainty and clarity of issues; to prevent confusion in the evidence and certainty of judgment to be rendered; in different words, to provide for the efficient and effective administration of justice.

Although the legal title to the land is in the wife, under the evidence the entire beneficial interest belongs to the

husband for the benefit of himself, his wife, and his children. The offensive odors affect them all alike; the injury to the productiveness of the land is an injury to both. They live together in their home located on the land. The cause of the injury to the husband and wife is common to both. It is difficult to conceive how separate and distinct judgments could be rendered in favor of each. It is true that separate and distinct causes of action of the husband and wife cannot be joined in one action by both of them, 1 C. J., p. 1096, section 260, but, where the issues are the same and the recovery goes to both of them, or to one for the benefit of both, there is only one cause.

It is now generally held by the courts that lawful possession of land, although unaccompanied by title, is sufficient to support an action for damages for interference with the lawful enjoyment of the premises by the person in possession. A lessee is entitled to recover damages sustained by him during his tenancy from the maintenance of a nuisance which affects his enjoyment and use of the premises. A person in possession of the land may recover damages for injuries caused by a nuisance to the health or person of himself or other occupants who are members of his family. 46 C. J. 738, sections 318 1/3, 318¼.

Sections 605 and 606, Code of 1930, authorize in proper cases the rendition of as many separate verdicts and judgments as may be necessary to the adjustment of the rights of several parties to the action. See Aven v. Singleton, 132 Miss. 256, 96 So. 165, construing these two sections of the Code. We do not mean to hold that they enlarge the common-law rule against misjoinders of plaintiffs, but that they do enlarge the rule in reference to varying verdicts and judgments in the same cause. We are of opinion that there was no misjoinder in this case, and therefore the court erred in requiring a dismissal as to one of the appellants.

The town contends that appellants are not in a position to challenge the propriety of the directed verdict, for the reason that the giving of the instruction was not excepted to in the record, nor a motion for a new trial made assigning as a ground the giving of the instruction. The town refers to decisions to support its contention rendered prior to the adoption of section 586, Code of 1930, and rule 6 of this court. Under the statute and the rule, it is no longer necessary to except to the giving or refusing of instructions during the progress of the trial, nor make their giving or refusal the ground of a motion for a new trial. The statute provides in unmistakable terms that the clerk shall mark all instructions asked by either party or given by the court as being given or refused, as the case may be, and all instructions so marked shall be a part of the record on appeal without bill of exceptions; and section 3 of the rule provides that the right of review in the Supreme Court of any ruling of the trial court shall not depend in any wise upon appellant having made a motion for a new trial. Coccora v. Vicksburg Light & Traction Co., 126 Miss. 713, 89 So. 257.

The town seeks to justify the directed verdict on two grounds: First, that the evidence failed to show that appellants suffered any peculiar or special damage on account of the maintenance of the nuisance not common to the general public; second, that in the construction and maintenance of the waterworks system, including the septic tank, the town was in the exercise of one of its police powers, that of conserving the public health, which is a governmental function, in the exercise of which, although wrongful, the town is not liable for damage to property.

We will consider those contentions in the order stated. We think there is little to be said about the first. It is the law, as contended by the town, that it was incumbent on appellants to show some special and different dam-

age not common to the general public. Appellants' evidence, if true, established that fact. As to the second ground, section 17 of the Constitution is a complete answer. It prohibits both the taking or damaging of private property for public use, and it applies to the state as well as all of its political subdivisions, including municipalities, and regardless of whether the taking or damaging is in the exercise of governmental action or not. City of Vicksburg v. Herman, 72 Miss. 211, 16 So. 434; City of Laurel v. Rowell, 84 Miss. 435, 36 So. 543; Thompson v. Winona, 96 Miss. 591, 51 So. 129, Ann. Cas. 1912B, 449; Illinois Central R. Co. v. State, 94 Miss. 759, 48 So. 561; Covington County v. Watts, 120 Miss. 428, 82 So. 309; Morris v. Covington County, 118 Miss. 875, 80 So. 337; Jackson v. Monroe County, 124 Miss. 264, 86 So. 769; Tishomingo County v. McConville, 139 Miss. 589, 104 So. 452; City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160; City of Vicksburg v. Richardson, 90 Miss. 1, 42 So. 234; City of Vicksburg v. Porterfield, 164 Miss. 581, 145 So. 355. In Thompson v. Winona, supra, the damage was caused by the city discharging its sewerage into a stream flowing through the plaintiff's land. The city was held liable under this constitutional provision. In the Porterfield Case the city permitted a drain sewer to become obstructed, impounding the rainfall, and damaging plaintiff's property. The city was held liable.

The town relied largely on City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 846. In that case one of the city firemen was injured through the negligence of the fire chief. It was an injury to the person, not to property. The cause of injury was a tort by the fire chief. The court held there was no liability on the part of the city because in the maintenance and operation of its fire department it was exercising a governmental function. It is manifest that section 17 of the Constitution had no

application; by its plain terms it applies only to the taking or damaging of *property*. It has nothing to do with torts causing injury to persons.

Reversed and remanded.