CITY OF MERIDIAN v. PEAVY.

(Division B. March 18, 1940. Suggestion of Error Overruled April 15, 1940.)

[194 So. 595. No. 34087.]

Howard Westbrook, of Meridian, for appellant.

L. J. Broadway, of Meridian, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellee, J. L. Peavy, sued the City of Meridian for damages to his real and personal property, as alleged in his declaration, and to some extent sustained by proof introduced by him to the effect that the City had negligently constructed and maintained a culvert across Fifth street, abutting on his property. On the conflicting evidence as to whether or not the City was negligent in the matter the jury returned a verdict in favor of Peavy in the sum of $500, judgment was entered accordingly, and a motion for a new trial by the City was overruled.

The negligence charged, and to a certain extent sustained by the evidence, was to the effect that the City had constructed, or had adopted after construction by the State Highway Department, a culvert four feet by four feet, across the highway, in which it had placed a sewer pipe about nine inches in diameter, which obstructed the culvert to that extent. From the bottom of this sewer to the bottom of the culvert was about fifteen inches; and from the top of the sewer to the top of the culvert was in excess of twenty-inches.

It was shown by witnesses that the presence of this sewer pipe in the culvert caused debris and sand to collect therein, impounding the water, and backing it up over the real property of appellee, causing the pillars supporting his residence to sink, thereby depreciating its value about fifty per cent; and had also destroyed his garden five times in one season.

On the evidence it was a question for the jury whether or not the sewer pipe thus maintained in the culvert was necessary to the proper construction of the sewer line, and of the culvert. The declaration was based strictly upon the question of the City's negligence, and the evi-

dence in the case, and the instructions were pointed directly at the issue of negligence.

The appellee, plaintiff in the court below, procured this instruction: "The court instructs the jury to find for the plaintiff unless you believe from a preponderance of the evidence that the plaintiff's damage, if any, was caused solely by an unprecedented rainfall, that is to say, one that could not have been reasonably anticipated."

Evidence was offered by the appellee, as well as by the appellant, in the court below, that either in the month of March or April, 1937 or 1938, there had been an unprecedented rainfall on a particular day. However, it was shown by the appellant that during the months of March and April, 1937, there had been no such rainfall. In fact, each day was accounted for by the government weather bureau reports for Meridian, showing less than half the normal rainfall on any day during those months; but that in the year 1938 there had been an unusual amount of rain. Peavy himself testified that there had been other heavy rains during the eight or nine years he had occupied the premises; and a witness for the City testified that in 1936, on a particular occasion, there had been a rain exceeding in amount within a short time the rainfall of 1938. So there was an issue of fact as to whether or not there was an unprecedented rainfall at any time covered by the evidence in the case.

It will be observed that the instruction quoted above is peremptory on a direct conflict in the evidence as to whether or not the city had been negligent, and was in direct conflict with all the other instructions for both appellant and appellee.

In this situation the only argument offered by the appellee to sustain the propriety of this instruction is that under section 17 of the Constitution of 1890 he was entitled to recover from the City for damage to his real property, citing Hodges v. Town of Drew, 172 Miss. 668, 159 So. 298, and Thompson v. City of Philadelphia, 180 Miss. 190, 177 So. 39, in which were allowed damages

to real property under section 17 of the Constitution of 1890. In those cases, however, it is clear that the court deemed the declaration sufficient to sustain the action for such damages.

The theory of the allowance of damages under said section 17 is not maintainable under the declaration filed in this case, which is grounded directly and solely upon the negligence of the City. The defenses available to the appellant in a suit for damages under the constitutional provision, and such suit on the theory of negligence, are entirely different, as disclosed by the opinions in the cases referred to.

The instruction cannot be justified, and the case is controlled by the case of Chidsey v. City of Pascagoula, 102 Miss. 709, 59 So. 879, wherein the court said: "The cause of action in the present case is not predicated upon section 17 of the Constitution; it being charged by the declaration that the injury to plaintiff's property was caused by the negligent construction of the sidewalk and street grade. The only issue presented to the trial court was whether or not the city was negligent. In fact, the pleadings charged, and all the evidence was an attempt to show, a negligent and careless change in the plans of the street grade. This being the issue made by the pleadings, the question of negligence was submitted to the jury with proper instructions from the court."

The declaration in the present case has no allegation concerning condemnation proceedings by the county which originally constructed the culvert, nor as to the City after it was taken over and maintained by it, and this was not adverted to either in the pleadings or in the evidence. The Chidsey case cannot be fairly distinguished from the case at bar on the pleadings and the proof.

It is unnecessary for us to consider the question of an excessive verdict and judgment, for the reason that the case must be reversed because of the giving of the instruction quoted above.

Reversed and remanded.