DENKMAN LUMBER CO. *v.* HENDERSON *et ux.*

(Division B.   June 7, 1943.   Suggestion of Error Overruled July 3, 1943.)

[14 So. (2d) 213.   No. 35393.]

Hermon Dean, of Canton, for appellant.

Harold W. Davidson, of Carthage, Barnett, Barnett, Jones & Stone, of Jackson, and O. B. Triplett, Jr., of Forest, for appellees.

Argued orally by Herman Dean, for appellant, and by Ross R. Barnett and O. B. Triplett, Jr., for appellees.

**Anderson, P. J.**, delivered the opinion of the court.

Appellees, E. R. Henderson and his wife Mrs. Pearl Henderson, brought this action in the circuit court of Leake County against appellant, Denkman Lumber Company, for the alleged wrongful damage done their land and recovered a judgment in the sum of $2,500, from which judgment this appeal is prosecuted.

The land involved consisted of 100 acres, 40 acres of which was owned by the husband and wife as tenants in common; 60 acres of it was owned by the wife alone. The two tracts were adjoining. The lumber company claimed the right to cut and remove certain merchantable timber from the land, which it did. The declaration charged that in doing so it wrongfully damaged fences on the land, crops growing thereon and the soil itself and in addition that it cut and removed timber which it had no right to. The evidence showed that the damage to the fences was mainly on the wife's 60 acres; that the damage to the land itself caused by the trucks cutting deep ruts was exclusively on her land; that the damage to the drain ditch caused by stoppage was on her land and also on the 40 acres owned by them jointly and that the trees alleged to have been unlawfully cut were located on both tracts. The evidence varied as to the amount of damage done each of the tracts. The husband had the management and control of the 100 acres for the benefit of both.

Among other pleas by appellant was one in abatement of the action on the ground there was a misjoinder of the parties plaintiff; that they had no right under the law to bring a joint action for the alleged damage to the land owned as stated. The court held the plea was without merit and thereupon the trial proceeded, resulting as stated above.

We have reached the conclusion that the plea in abatement ought to have been sustained. We pass on no other question because on another trial there is no certainty that the other alleged errors will occur again. "In the absence of express statutory provisions so requiring, a

husband and wife who have separate causes of action for the same wrong separately affecting each of them can not maintain a joint action therefor.'' 39 Am. Jur., Parties, Section 32, page 898. ''The reasons for not permitting a misjoinder of plaintiffs are to avoid the trial of more than one suit at a time; to promote certainty and clarity of issues; to prevent confusion in the evidence and certainty of judgment to be rendered; in different words, to provide for the efficient and effective administration of justice.'' Hodges v. Town of Drew, 172 Miss. 668, 159 So. 298, 299. Suppose in this case the lumber company had defended on the ground that the wife had given them the right to damage her 60 acres of land in the manner alleged, which she denied; that, of course, would have been an additional issue to the other issues involved. To illustrate again, take a body of land consisting of 360 acres. It is owned by five persons, one of whom manages it for all of them. Each of the five owns a separate and distinct 40 acres of the tract in which the others have no interest, and the other 160 acres all five of them own as tenants in common; or three of them own it as tenants in common. The sawmill owns the merchantable timber on the entire tract. In cutting and removing the timber it unlawfully damages each of the individually owned 40 acres and also the 160 acres owned by the three or five as tenants in common, but the evidence varies materially (as it does in the present case) as to the amount of damage done to each piece of land. Suppose in addition as to the 160 acres of land the sawmill company claims that it had permission of the owners to do the things charged to have been wrongfully done. In such a case, how could there have been any certainty or clarity of issues? Instead it appears that the result would have been confusion confounded.

To sustain the action of the court below appellees rely on the Hodges case, supra. That was a suit by husband and wife against the Town of Drew to recover damages for injuries to their health and comfort, and that of their family, and the crops on 34 acres of land owned by the

wife and managed by the husband on which the home was situated, caused by the alleged unlawful maintenance by the town of a septic tank resulting in its giving forth offensive and unhealthy odors. This same question was one of the questions in that case. The court held that although separate and distinct causes of action of husband and wife could not be joined in one action by both that where the issues were the same and the recovery went to both, or to one for the benefit of both, there was only one cause. It is apparent at once that the injury and suffering of each member of the Hodges family caused by the offensive odors from the tank was not susceptible of separate proof, there would have been difficulty also in proving the extent of the damage by the offensive odors to the crops on the 34 acres of land. In that case the court used this language in part: ''Although the legal title to the land is in the wife, under the evidence the entire beneficial interest belongs to the husband for the benefit of himself, his wife, and his children. The offensive odors affect them all alike; the injury to the productiveness of the land is in injury to both. They live together in their home located on the land. The cause of the injury to the husband and wife is common to both. It is difficult to conceive how separate and distinct judgments could be rendered in favor of each. It is true that separate and distinct causes of action of the husband and wife cannot be joined in one action by both of them. 1 C. J., p. 1096, sec. 260, but, where the issues are the same and the recovery goes to both of them, or to one for the benefit of both, there is only one cause.''

We are not willing to extend the principle any further than the Hodges case did.

Reversed and remanded.