Burkett, et ux. *v.* Ross, Executor, Etc.

No. 40070          March 26, 1956          86 So. 2d 33

*M. M. Roberts,* Hattiesburg, for appellants.

*Gray & Montague,* Hattiesburg, for appellees.

McGEHEE, C.J.

On March 25, 1955, the appellees Robert M. Ross, Executor of the Estate of T. E. Ross, deceased, Frank D. Montague and Bonnie Jean Montague, by Frank D. Montague, her attorney in fact, filed their petition in the Chancery Court of Forrest County to vacate a part of a subdivision of Forrest County, Mississippi, located about one mile west of Mississippi Southern College at Hattiesburg, but outside the corporate limits of the said municipality.

The petition as it relates to any rights of the appellants, E. E. Burkett and wife, the only defendants in the petition, seeks to have vacated 40th Avenue, twenty-five feet in width running north and south on the west side of Blocks 7 and 8 of the Pine Crest Second Survey. The defendants E. E. Burket and wife own forty acres of land adjacent to the western boundary line of the said 40th Avenue, which is the boundary line between Lamar and Forrest Counties. Their residence faces the said

avenue toward the east. Said defendants have resided on their property for more than twenty years and during all of that period their land has fronted on 40th Avenue for a distance of 1320 feet. West 4th Street, twenty-five feet in width, forms the northern boundary of Block 7, Mabel Street, fifty feet in width, forms the southern boundary of Block 7, and is between Blocks 7 and 8; and Montague Boulevard is a wider street, and all three of these streets extend westward across 40th Avenue to the Burkett property.

Both Blocks 7 and 8, the lots in which are unimproved, and all that portion of 40th Avenue on which the Burkett property fronts, is sought to be vacated pursuant to the petition in that behalf, except where the said three streets extend across 40th Avenue to the Burkett property.

It is proposed that 40th Avenue along the entire eastern boundary of the Burkett property be vacated and that the land embraced therein be awarded to the petitioners as owners of Blocks 7 and 8 so that the eastern end of all of the lots in Blocks 7 and 8 be extended across the said avenue to the Burkett property to make room for the widening of a twenty-foot street to a forty-five-foot street, extending from north to south through the center of the said Blocks 7 and 8, and without the petitioners offering to pay any compensation to the Burketts for the depreciation of their property which they claim will result from the closing of 40th Avenue, and the awarding of the land embraced therein to the petitioners in its entirety.

40th Avenue was dedicated to public use in the platting of the Pinecrest Second Survey more than twenty years ago, during all of which time it has been open to the access of the Burketts and the general public, but unimproved. It will be noted that this is not a proceeding by the Board of Supervisors of Forrest County to close this avenue, located outside the corporate limits of the

City of Hattiesburg, as aforesaid, and in the interest of the public welfare, but is a proceeding for the benefit of private persons in order that the twenty-four lots in Block 7 and the twenty-four lots in Block 8 may be rendered more valuable and easier to sell by having a forty-five foot street instead of a twenty-foot street running from the north of Block 7 through the center thereof, leaving twelve lots on each side of said proposed widened street, and running from north to south through the center of Block 8 to a twenty-foot alley so as to leave nine lots on each side thereof, and which alley forms the northern boundary of the other six lots in Block 8 which face Montague Boulevard on the south.

It is contended by the appellees that the closing of 40th Avenue as proposed will not result in the taking or damaging of any property of the Burketts within the contemplation of Section 17 of our State Constitution, and that there will remain to them a method of ingress to, and egress from, their property through the twenty-five foot street on the north of Block 7 which extends to the northeast corner of the Burkett property, through Mabel Street between Blocks 7 and 8, through the twenty-foot alley in the southern part of Block 8, and through Montague Boulevard on the south side of Block 8, which extends to the southeast corner of their land, the said Mabel Street extending to their land so as to intersect the eastern boundary of their property about half way f r o m the northeast to the southeast corner thereof. Whereas the Burketts contend that they are entitled to access to their property along the entire eastern boundary thereof as now afforded to them by 40th Avenue.

The trial court sustained the petition vacating the said Blocks 7 and 8, as now platted, and awarding to the petitioners the land embraced in 40th Avenue to the extent that the Burkett property fronts thereon so as to enable the petitioners to appropriate said strip of land and add the same to the western end of the lots in

Blocks 7 and 8, and then widen the twenty-foot street to a forty-five foot street which runs through the center of Blocks 7 and 8 from north to south to the extent hereinabove mentioned. The proceeding is brought under Section 4283 of the Miss. Code of 1942, as amended by Chapter 169 of the Laws of Mississippi 1946, which reads, in part, as follows:

"Maps and plats—how vacated.—If the owner of any land which shall have been laid off, mapped, or platted as a city, town or village, or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, shall be desirous of altering or vacating such map or plat, or any part thereof, he may, under oath, petition the chancery court for relief in the premises, setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated, or altered, the names of the persons to be adversely affected thereby, or directly interested therein; and the parties so named shall be made defendants thereto, and publication of summons shall be made one time in a newspaper published, or having a general circulation, in the county where the land is situated, and which publication shall clearly state the objects and purposes of the petition."

The second paragraph of the Act provides, among other things, that the court "may decree according to the merits of the case." The chancellor found that "the Burketts have full, complete and uninterrupted access to and from their property through said survey by means of Mabel Street, which is 50 feet in width; and the court further finds that they do not use nor does the general public use, nor have they or the general public ever used, 40th Avenue as a means of ingress and egress, or for any traveling purposes whatsoever. Said 40th Avenue is only 25 feet in width, and the proof showed, and the court finds, that it is impractical, being entirely too narrow, to be used as a means of ingress and

egress or for general traveling purposes, even if it were improved."

As to the contention that Mrs. E. R. Stone was a necessary party to the proceeding since she owned property between 38th and 40th Avenues which abutted on 40th Avenue south of where the same is proposed to be closed, the chancellor relied on the case of City of Jackson, et al. v. Welch, 136 Miss. 223, 101 So. 361, wherein the Court said, among other things, that: "In order for a landowner to have a just complaint against the abandonment or closing of an abutting street, he must have a special easement in the use of the street in connection with his property for access purposes; that is, he must be specially damaged in connection with an outlet and inlet to his property, otherwise he has no more interest in the street than that enjoyed by the general public for travel, and cannot prevent its closing by the owners or the public authorities. Poythress v. Railroad Co., 92 Miss. 638, 46 So. 139; 29 C. J. p. 547."

In the case of Poythress v. Railroad Co., 92 Miss. 638, 46 So. 139, cited in the opinion in the Welch case, the Court said: "Poythress is not an abutting landowner upon this street, entitling him to have compensation first made to him before the closing of the street * * * as he owns no property abutting the closed portion."

We do not think that Section 17 of our State Constitution is applicable except where property is taken or damaged for public use by the public authorities or corporations, etc., vested with the power of eminent domain. Most of the cases cited in the briefs both on behalf of the appellants and the appellees have to do with the closing of streets by the action of municipal authorities in regard to streets, which have been accepted or devoted to public use, within the corporate limits.

It is contended by the appellants that if public bodies with the power of eminent domain cannot take or damage the rights or property of private individuals without

compensation that it should necessarily follow that private persons should not be permitted to do so for their own profit or advantage. The writer of this opinion is impressed with this argument, but the Legislature has provided for this action to be taken by the petitioners, and the statute does not conflict with any constitutional provision. We have concluded that since Section 17 of the State Constitution does not apply to the situation here involved, then there is no safe ground upon which we could base a decision to reverse the decree rendered by the trial court. The finding of fact hereinbefore set forth is fully supported by the testimony at the trial, and there is no material conflict in the testimony.

■■■ The awarding of all the vacated street to appellees would appear to be contrary to the prevailing rule that when a street or alley is closed the property owners on each side move to the center of the street. This is because a lot sold or bought which is adjacent to a street actually acquires title to the fee to the center of the street subject to the dominant easement of the public for use thereof as a street or alley, and when the street is closed the easement is simply removed, leaving the fee owner the use of his half of the street. We think this rule inapplicable here because the vacation of a plat amounts to a withdrawal of the dedication, leaving the fee where it was before the dedication in the absence of the acquisition of the right *of access* by adjacent property owners, which might have been the case had people bought lots from the Burketts fronting on 40th Avenue and built their home thereon and thereby have acquired a special interest in 40th Avenue. See 64 C. J. S. 66, Municipal Corporations, Sec. 1683.

Therefore the decree appealed from must be affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.