922 So.2d 857 (2006)
B & W FARMS, Appellant
v.
MISSISSIPPI TRANSPORTATION COMMISSION a/k/a Mississippi Department of Transportation, Appellee.
No. 2005-CA-00774-COA.
Court of Appeals of Mississippi.
March 7, 2006.
Andrew T. Dulaney, Tunica, attorney for appellant.
Roy Jefferson Allen, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. B & W Farms (B & W) filed suit against the Mississippi Transportation Commission (MTC) and its contractor, Endevco, Inc., in the Circuit Court of Coahoma County for flood damage to crops *858 sustained during the expansion and construction of U.S. Highway 61. The circuit court granted the MTC's motion for summary judgment. Aggrieved by this decision, B & W appeals. Finding no error, we affirm.

FACTS
¶ 2. In the spring of 1997, the State of Mississippi was in the process of expanding and constructing U.S. Highway 61. B & W planted cotton in the area of the construction, on each side of U.S. Highway 61 near its intersection with U.S. Highway 49. Unfortunately, flooding occurred during that season, which caused substantial damage to B & W's cotton crop.
¶ 3. On May 13, 1998, B & W filed suit in the Circuit Court of Coahoma County against the MTC and its contractor, Endevco, Inc. B & W asserted a negligence-based claim arising under the Tort Claims Act for damages stemming from the widening and improvement of U.S. Highway 61. The complaint alleged that the "[d]efendants. . . unlawfully and negligently diverted and obstructed the natural flow of surface water which flowed from the west to the east under U.S. Highway No. 61." The complaint further stated that "the Defendants had a duty to . . . avoid the negligent flooding of the crops . . . while constructing and improving the said Highway."
¶ 4. The MTC filed a motion for summary judgment on January 26, 2005. B & W filed a response to the motion, stating that the Tort Claims Act could not serve as an immunity-based defense against Article 3, Section 17 of the Mississippi Constitution of 1890. A hearing on the summary judgment motion was held on March 14, 2005. During the hearing, B & W argued that use of the word "unlawfully" must certainly refer, under the notice pleadings, to a violation of Article 3, Section 17 of the Mississippi Constitution.
¶ 5. Unpersuaded by B & W's argument, the trial court found that usage of the term "unlawful" was insufficient to put the MTC on notice that a constitutional claim was being asserted. Consequently, the court granted MTC's motion for summary judgment. From that decision, B & W appeals. B & W raises the following issue for this Court's review: whether the circuit court erred in granting the MTC's motion for summary judgment, by strictly construing the complaint as being limited to only a theory of negligence.

STANDARD OF REVIEW
¶ 6. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Mississippi, Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss.1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Medical Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct. App.2001)). The evidence must be viewed in the light most favorable to the non-moving party in order to determine whether any genuine issue of material fact exists. Id. (citing Dailey, 790 So.2d at 907).

ISSUES AND ANALYSIS

I. Whether the circuit court erred in granting the MTC's motion for summary judgment, by strictly construing the complaint as being limited to only a theory of negligence.
¶ 7. Although Rule 8 of the Mississippi Rules of Civil Procedure "has eliminated the technical forms of pleadings required *859 in years past, notice pleadings are still required to place the opposing party on notice of the claim beings asserted." Estate of Stevens v. Wetzel, 762 So.2d 293, 295(¶ 11) (Miss.2000). The Mississippi Rules of Civil Procedure do not require specific language in order to comply with the notice requirement. It is necessary, however, "that the pleadings provide sufficient notice to the defendant of the claims and grounds upon which relief which is sought." Id. (citing Dynasteel Corp. v. Aztec Indus., Inc., 611 So.2d 977, 984 (Miss.1992)).
¶ 8. B & W argues that summary judgment was inappropriate, as the Tort Claims Act can offer no immunity when a constitutional right has been violated. B & W further contends that the complaint and related discovery in this case clearly articulate a theory of damage pursuant to Article 3, Section 17 of the Mississippi Constitution. The MTC counters that this Court should not address whether B & W has a valid constitutional claim, as B & W never provided notice of a claim resting in constitutional law.
¶ 9. Article 3, Section 17 of the Mississippi Constitution of 1890 provides as follows:
Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.
¶ 10. In the complaint, filed on May 13, 1998, B & W asserted that the "[d]efendants. . . unlawfully and negligently diverted and obstructed the natural flow of surface water which flowed from the west to the east under U.S. Highway No. 61." B & W further asserted that "the Defendants had a duty to . . . avoid the negligent flooding of the crops . . . while constructing and improving the said Highway." Finally, B & W stated in the complaint that "the [d]efendants . . . were given written notice of this claim under the provisions of Section 11-46-11 of the Mississippi code of 1972 as supplemented and amended and other pertinent statutes." The complaint is void of any references to the Mississippi Constitution or to a taking of private property for public use. Furthermore, in the pretrial order B & W submitted to the trial court five years later, on March 31, 2003, B & W stated: "[p]laintiff has filed a complaint asserting claims pursuant to Mississippi Tort Claims Act against the Mississippi Department of Transportation and Mississippi Transportation Commission and a common law claims of negligence relating to all Defendants. . . ."
¶ 11. The first specific mention of a violation of the takings clause did not come until February 17, 2005, when B & W filed its response to the MTC's motion for summary judgment. We agree with the finding of the trial court that "the word `unlawful' is not so comprehensive as to specifically involve a constitutional claim in this instance because all contentions point to negligence." Moreover, if B & W sought relief under Article 3, Section 17 of the Mississippi Constitution, at least some notice of this claim should have been given before B & W filed its response to the motion for summary judgment, (especially since the complaint was filed nearly seven years earlier). Consequently, we find that summary judgment was appropriate, as B & W failed to provide sufficient notice to the defendant of the claims and grounds upon which relief which was sought. This issue is without merit.
*860 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ. CONCUR.