# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-SA-00597-SCT

## CONSOLIDATED WITH

## NO. 2005-CA-02076-SCT

*DENNIS M. McLEMORE AND WIFE, TAMMY C. McLEMORE*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/13/2007 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JOSEPH WALKER SIMS |
| ATTORNEYS FOR APPELLEE: | RICHARD G. NOBLE |
| | J. ANTHONY WILLIAMS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 06/12/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Dennis and Tammy McLemore filed suit in the Circuit Court of DeSoto County against the Mississippi Transportation Commission (MTC) and Talbot Brothers Contracting Co., Inc., alleging a taking without just compensation in violation of the Mississippi and U.S. Constitutions due to flooding and siltation on real property from negligence in the

construction of a highway. The trial court granted summary judgment for MTC. Subsequently, the McLemores filed this appeal.

## FACTS AND PROCEDURAL HISTORY

¶2. The MTC filed an eminent domain action in 1999 to obtain a 174-acre portion of the McLemores' DeSoto County property to construct an interstate highway between Interstate 55 at Hernando and Highway 61 at Robinsonville. A jury awarded the McLemores $1,370,000 in 2001. In 2003, this Court reversed the verdict of the jury and remanded the case for a new trial. *See Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31 (Miss. 2003). Prior to the retrial, MTC filed a motion in limine to prohibit the McLemores from introducing proof regarding flooding, drainage and erosion damages. The trial court granted the motion, ordering as follows:

> [T]he Plaintiff's Motion in Limine is hereby sustained and the Court orders that counsel for the Defendants, the Defendants and witnesses for the Defendants shall refrain from mentioning or stating during the trial of this cause all matters pertaining to claims of post-acquisition damages to Defendants' property caused by the construction of the highway which is the subject of this lawsuit.
> All such parties shall not refer in their statements and/or testimony to damages incurred by Defendants as a result of the action of the contractor or any other party from the construction of the highway, including but not limited to erosion, siltation, crop damage and remediation efforts. The Court finds that such reference or mention of post-acquisition damages is not a proper element of damages and therefore cannot be considered in this eminent domain action.

¶3. On retrial, the jury returned a verdict awarding the McLemores $1,425,320 in compensation and damages and granting MTC immediate title, possession, and entry upon the property, appropriating it to the public use upon payment.

¶4. In the instant case, the McLemores assert that MTC's construction of the highway itself and through its contractor, Talbot, caused numerous flooding, drainage, and siltation problems for the remainder of their land. Specifically, the McLemores assert that the excavation of fill dirt for the highway from pits located on Tunica Bluffs caused severe erosion and siltation. In an attempt to cure some of the problems, MTC built a bridge over the drainage ditch and took out a previously-installed culvert to allow increased flow of water. Talbot was fined for its practices by the Mississippi Department of Environmental Quality.

¶5. The McLemores filed suit alleging a taking without just compensation of their remaining property by the MTC due to flooding and siltation and also alleging that Talbot was negligent. MTC answered and filed a motion for summary judgment on the basis that the action should have been brought under the Mississippi Tort Claims Act. The McLemores filed a response reiterating their claim of a taking. On August 18, 2005, the trial court entered an order granting MTC's motion for summary judgment, finding in part: "In the case at hand, while the Plaintiffs have couched their claims as a constitutional violation, the Court finds that the claims are clearly tort-based and, therefore, subject to the Mississippi Tort Claims Act." The trial court further found the action was barred by the applicable statute of limitations.[1] On September 27, 2005, the trial court entered an Order of Dismissal and Final Judgment only as to MTC.[2] Thereafter, the McLemores filed this appeal.

## ANALYSIS

[1] Miss. Code Ann. Section 11-46-11(3) (Rev. 2002).

[2] The pending negligence action against Talbot is not before this Court.

3

**Whether the trial court erred in granting summary judgment in favor of the MTC, dismissing the claims of the McLemores under Article 3, Section 17 of the Mississippi Constitution and under the Fifth and Fourteenth Amendments to the United States Constitution for just compensation and damages.**

¶6.     This Court employs a de novo standard of review in considering a trial court's decision on a motion for summary judgment. *See Huff-Cook, Inc. v. Dale*, 913 So. 2d 988 (Miss. 2005). *See also Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206 (Miss. 2001). "A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 1209. *See* Rule 56(c), Mississippi Rules of Civil Procedure (M.R.C.P.). "To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the rule." *Hartford*, 826 So. 2d at 1209. This Court has further said:

> Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it – admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.

*City of Jackson v. Sutton*, 797 So. 2d 977 (Miss. 2001) (quoting *Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000)) (internal citations omitted).

¶7. The McLemores assert that the trial court's finding that the case should have been brought under the Mississippi Tort Claims Act contradicts prior case law. Specifically, the McLemores assert that the trial court decision contradicts ***B&W Farms v. Mississippi Transportation Commission***, 922 So. 2d 857 (Miss. Ct. App. 2006). The MTC asserts that ***B&W Farms*** only reaffirms the application of the Mississippi Tort Claims Act to this case.

¶8. In ***B&W Farms***, the Court of Appeals (COA) affirmed the trial court, finding that B&W failed to provide sufficient notice to the defendant of the claims and grounds pursuant to Article 3, Section 17 of the Mississippi Constitution, under which relief was sought. Clearly, such a finding indicates the viability of such a claim if proper notice is provided. Moreover, the parties agree that the McLemores provided notice of the constitutional claims. However, the MTC asserts that the Mississippi Tort Claims Act provides the exclusive remedy for the McLemores and that they failed to plead it; therefore summary judgment was proper. However, we disagree.

¶9. Article 3, Section 17 of the Mississippi Constitution states:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

Miss. Const. Ann. art. 3, §17.

¶10. This Court has previously upheld damages pursuant to this constitutional provision. *See **Miss. State Highway Comm'n v. Thomas***, 202 So. 2d 925 (Miss. 1967) (highway

commission held liable for damages to property where, as a result of highway construction, the natural flow of water from area increased and carried dirt, sand, clay and other materials into a lake located on Thomas' land). *See also **Miss. State Highway Comm'n v. Engell***, 251 Miss. 855, 171 So. 2d 860 (1965) (highway commission liable for damage to adjacent property). Further, this constitutional provision is only applicable in cases involving property taken for public use. ***Burkett v. Ross***, 227 Miss. 315, 86 So. 2d 33 (Miss. 1956). Moreover, this Court has said that "[n]o public policy of the state can be allowed to override the positive guaranties of the Constitution, or divest persons of their title to property, except in the way which the law provides." ***Hill v. Woodward***, 100 Miss. 879, 889, 57 So. 294 (Miss. 1911).

¶11. While there is an argument that this Court has distinguished cases involving negligence claims, such argument is not applicable here. The negligence claims in the instant case pertain to Talbot. The action against MTC is for taking without just compensation pursuant to the constitution. This Court has previously found the language that "[p]rivate property shall not be taken or damaged for public use," as quoted previously herein, is without limitation. Specifically, this Court has found:

> The words are without limitation or qualification. They embrace within their inhibition all those attempting to convert private property to public use, artificial as well as natural persons, municipal and other corporations alike; and they cover all damages of whatever character. . . . The citizen must now be held, under this new provision of our fundamental law, to be entitled to due compensation for, not the taking, only, of his property for public use, but for all damages to his property that may result from works for public use. He is now secured in his property, and his use and enjoyment of his property. The burdens formerly borne by the citizen, resulting from damage done his property by a diminution or destruction of his right to use and enjoy his own, were designed by this new constitutional rule to be placed upon those by whose action the diminution or destruction was wrought.

6

*City of Vicksburg v. Herman*, 72 Miss. 211, 214-15, 16 So. 434, 435 (Miss. 1894).

¶12.    In later cases, this Court adopted the trend of distinguishing somewhat similar cases involving negligence-based claims. *See Stevens v. Beaver Dam Drainage Dist.*, 123 Miss. 884, 86 So. 641 (1920) (public corporation not liable for damages caused by negligence of officers and agents). *See also State Highway Comm'n v. Knight,* 170 Miss. 60, 154 So. 263 (1934).    However, this Court later clarified this issue in *Parker v. State Highway Commission*, 173 Miss. 213, 162 So. 162 (Miss. 1935), in finding that injury to adjoining property by the change of grade is damage within the constitutional sense.

> We say here that by implication the statute authorized the payment not only of compensation for the land, but for damages as well, and conferred all the powers embraced within the eminent domain chapter upon the state highway commission.  But, if we should be mistaken in this view, section 17, Constitution of 1890, is self-executing.   Prior to the adoption of this Constitution the Legislature could limit a landowner's recovery to compensation for the land appropriated for public use, but as section 17 now exists it is quite clear that any effort on the part of the Legislature to shield the government or any arm thereof from payment of damages occasioned by it on the appropriation of land would be futile and of no effect.   Before our Constitution was adopted, sections similar to the one here under consideration had been construed by the courts of other states as being self-executing. Section 17 of the Constitution is mandatory.

*Parker*, 173 Miss. at 222-23.  Moreover, this Court found:

> The common-law remedy existing in favor of the property owner for damages to his  property, beyond the appropriation thereof, is clear in this case.  The Legislature has granted the highway commission in express terms the right to sue and to be sued.
>
> . . . The courts of the land, in order to preserve the liberty and rights of the people, must adhere to the plain stipulations of that document, and it would be a sad day in the history of a democratic constitutional form of government if the courts should swerve from the plain mandates of the organic law, which all the people are bound together in solemn compact to uphold and preserve.

*Id.* at 225.

¶13. In the instant case, the trial court found as a matter of law that summary judgment was proper. However, we find that the trial court erred in granting MTC's motion for summary judgment and that, as a matter of law, the McLemores are entitled to bring their claims. Therefore, this matter is reversed and remanded.

¶14. **REVERSED AND REMANDED.**

**DIAZ, P.J., EASLEY, RANDOLPH AND LAMAR, JJ., CONCUR. DICKINSON, J., CONCURS IN RESULT ONLY. WALLER, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, C.J., AND CARLSON, J.**

**WALLER, PRESIDING JUSTICE, DISSENTING:**

¶15. Because Article 3, Section 17 of the Mississippi Constitution does not apply to claims arising out of negligence, I would affirm summary judgment in favor of MTC.

¶16. This case concerns post-acquisition damages stemming solely from the negligent acts of Talbot. After listing numerous failures and allegations of negligence on the part of Talbot, the McLemores' complaint stated that "[t]he negligent actions of the Talbot defendants are the proximate cause and/or proximate causes of the damages to the McLemore Property, the value of the McLemore property, growing crops on the McLemore Property, and to the McLemores." The complaint also notes that the Mississippi Department of Environmental Quality (MDEQ) had levied fines on Talbot because of some of their actions. While the McLemores attempt to frame their claim against MTC as a taking, the grounds for their claim and their damages arise strictly from the negligence of Talbot.

8

¶17.　In precedent dating back almost one hundred years, this Court repeatedly has rejected plaintiffs' attempts to recover damages under Section 17 for a suit based solely on negligence. *See* **State Highway Comm'n v. McClendon**, 212 Miss. 18, 27-29, 53 So. 2d 35, 39-41 (1951); **City of Meridian v. Peavy**, 188 Miss. 168, 194 So. 595 (1940); **State Highway Comm'n v. Knight**, 170 Miss. 60, 154 So. 263 (1934); **Stephens v. Beaver Dam Drainage Dist.**, 123 Miss. 884, 86 So. 641 (1920); **Chidsey v. City of Pascagoula**, 102 Miss. 709, 59 So. 879 (1912); *see also* **Lenoir v. Porters Creek Watershed Dist.**, 586 F.2d 1081, 1092-93 (6th Cir. 1978).[3] The doctrine of sovereign immunity protects a state from being sued in tort absent its consent. *See* **Mohundro v. Alcorn County**, 675 So. 2d 848, 852 (quoting **Grimes v. Pearl River Valley Water Supply Dist.**, 930 F.2d 441, 443-44 (5th Cir. 1991)). The state communicates such consent in the form of tort claims acts. **Mohundro**, 675 So. 2d at 852

---

[3] Other cases appear to suggest that plaintiffs may recover damages under Section 17 for claims based on the negligent construction, operation, or maintenance of a project. **Thompson v. City of Philadelphia**, 180 Miss. 190, 177 So. 39 (1937); **Hodges v. Drew**, 172 Miss. 668, 159 So. 298 (1935); **Covington County v. Watts**, 120 Miss. 428, 82 So. 309 (1919); **Rainey v. Hinds County**, 78 Miss. 308, 28 So. 875 (1900). However, this Court has distinguished **Hodges** and **Thompson** because in both of those cases the Court found sufficient claims to sustain an action for damages under Section 17. **Peavy**, 188 Miss. at 175-76. Additionally, this Court distinguished **Rainey** and **Watts** because there were statutes in each of those cases that imposed liability. **McClendon**, 212 Miss. at 28 (citing **Stephens**, 123 Miss. 884).

This Court's opinion in **Parker v. State Highway Commission**, 173 Miss. 213, 162 So. 162 (1935), did little to clarify the issue. In **Parker**, this Court noted the distinction made for claims grounded in negligence. **Parker**, 173 Miss. at 222-24. Finding that the highway commission's actions were authorized and that the claim was not based on any negligent act, this Court held that a viable cause of action existed under Section 17. *Id*. at 224. Furthermore, while the majority cites the Court of Appeals opinion in **B&W Farms v. Mississippi Transportation Commission**, 922 So. 2d 857 (Miss. Ct. App. 2006), for support, the Court of Appeals never reached the issue of whether Section 17 permits damages for a negligence-based claim. **B&W Farms**, 922 So. 2d at 859.

9

(quoting *Grimes*, 930 F.2d at 443-44). If a tort claim based solely in negligence were allowed to proceed as a taking under Section 17, the doctrine of sovereign immunity would be circumvented.

¶18. Thus, Section 17 has "no bearing on the liability *vel non* of a [public] corporation for the unauthorized acts of its officers and agents, which liability must still be determined by the rules of common law as modified by statute." *Stephens*, 123 Miss. at 900; *see also* 29A C.J.S. § 167 (2007) ("Damages caused by willful, negligent, or improper acts in the construction of an improvement, as well as damages so caused in the operation, or maintenance of a public improvement are not recoverable in the condemnation proceedings, the remedy, if any, of the landowner in such cases being an independent action for damages or a legislation claims bill.").

¶19. In *McClendon*, the plaintiffs asserted a taking by the state highway commission due to flooding caused by the construction of a highway and an artificial ditch. *McClendon*, 212 Miss. at 19-21. This Court held that compensation under Section 17 was not proper because the plaintiffs' claims for damages were due to the highway commission's negligence in failing to properly maintain the ditch. *Id*. at 29. This Court noted that compensation under Section 17 would have been appropriate if the damages had been caused by the mere construction of the highway or the artificial ditch. *Id*. at 28-29. Similar to *McClendon*, the damages asserted by the McLemores in this case derived from Talbot's negligent construction and repair efforts.

10

¶20.    The Mississippi Tort Claims Act serves as the exclusive civil remedy against a governmental entity for suits in tort. *City of Jackson v. Sutton*, 797 So. 2d 977, 980 (2001) (citing Miss. Code Ann. § 11-46-7(1) (Supp. 1998)).  Having failed to pursue their claim against MTC under the Tort Claims Act, the McLemores have no further recourse against MTC.[4]

¶21.    For the aforementioned reasons, I respectfully dissent.

**SMITH, C.J., AND CARLSON, J., JOIN THIS OPINION.**

---

[4]  Notably, MTC asserts that summary judgment was appropriate for the additional reason that Talbot was an independent contractor. *See Chisolm v. Miss. Dept. of Transp.*, 942 So. 2d 136, 141 (Miss. 2006) (as a general rule, an independent contractor's principal is not vicariously liable for torts committed by the independent contractor) (citing *Heirs & Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist.*, 743 So. 2d 311, 318 (Miss. 1999)).